J-S35013-20

2020 PA Super 272

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
EDDIE MOJICA :
:
Appellant : No. 2356 EDA 2019

Appeal from the Order Entered August 1, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005312-2012

BEFORE:   BOWES, J., STABILE, J., and COLINS, J.[*]

OPINION BY BOWES, J.:                    **FILED NOVEMBER 20, 2020**

Eddie Mojica appeals from the August 1, 2019 order denying his petition for relief under the Post-Conviction Relief Act ("PCRA").  We affirm.

In the above-captioned case, Appellant was convicted by a jury of, *inter alia*, possession with intent to manufacture or deliver ("PWID"), conspiracy to commit PWID, and multiple violations of the Uniform Firearms Act ("VUFA"), following his arrest on April 14, 2012 by members of the Philadelphia Police Department.  Specifically, Appellant and his co-defendant, Juan Davilla (collectively, the "Defendants"), were convicted of participating in a heroin-selling operation near the intersection of Hope Street and Somerset Street in Philadelphia, Pennsylvania.  Police observed the Defendants engage in multiple narcotics transactions.  At the time of the Defendants' arrest,

_____

[*] Retired Senior Judge assigned to the Superior Court.

individual packets of branded heroin were found on Appellant's person. Two handguns were also recovered from Mr. Davilla's nearby vehicle.

On September 20, 2013, Appellant was sentenced to an aggregate term of ten to twenty years of incarceration, with seven years of probation following his release. On October 1, 2013, Appellant filed a timely, counseled motion for reconsideration of sentence, arguing that the imposition of the statutory maximum for PWID was inappropriate.

While this post-sentence motion was still pending before the trial court, Appellant filed a *pro se* motion for relief pursuant to the Post-Conviction Relief Act ("PCRA"). **See** Appellant's *Pro Se* PCRA Petition, 10/17/13, at 1-9. This petition cursorily raised arguments that we discern as attacking the weight and sufficiency of the evidence adduced by the Commonwealth. **See** Appellant's *Pro Se* PCRA Petition, 10/17/13, at 2-3, 5-6 (arguing the Commonwealth failed to establish Appellant had access to, or knowledge of, the firearms found in Mr. Davilla's truck, and asserting that Appellant was merely purchasing heroin for personal use on the day in question).

The next day, the trial court entered an order denying Appellant's counseled motion for reconsideration of his sentence. No further action was taken on Appellant's case until May 16, 2014, when PCRA counsel was appointed to represent Appellant.[1] Our review of the docket indicates that Appellant's first appointed PCRA counsel took no action on Appellant's behalf,

---

[1] It is unclear from the record when Appellant's attorney-client relationship with trial counsel ended, or the attendant circumstances.

and never filed an amended PCRA petition on his behalf. On February 9, 2015, Appellant's first PCRA counsel was removed by the PCRA court.

Replacement PCRA counsel was appointed on February 11, 2015, and she filed an amended PCRA petition on Appellant's behalf seeking reinstatement of his direct appellate rights *nunc pro tunc* on the grounds that trial counsel rendered ineffective assistance by failing to file an appeal that Appellant allegedly requested in writing. ***See*** Appellant's Amended PCRA Petition, 1/12/16, at 5-6. On November 18, 2017, replacement PCRA counsel filed a supplemental petition asserting that Appellant's sentence was illegal. On November 20, 2018, second replacement PCRA counsel was appointed.

On August 1, 2019, the PCRA court held an evidentiary hearing on Appellant's PCRA petition. Therein, Appellant testified that he requested that his trial counsel filed an appeal on his behalf, but counsel advised him to await the result of his then-pending motion for sentence reconsideration. ***See*** N.T. PCRA Hearing, 8/1/19, at 5-6, 10. Appellant testified that he filed the PCRA in a misguided attempt to get the attention of the trial court. Specifically, Appellant testified that he wanted to file an appeal, and that he filed the *pro se* petition on the advice of other prisoners, including Mr. Davilla. ***Id***. (testifying that Mr. Davilla and other unidentified "people" at SCI-Graterford had advised Appellant to file a *pro se* PCRA petition).

Trial counsel testified at the PCRA hearing that while he had discussed an appeal with his client, Appellant had only requested a motion for reconsideration during his tenure as counsel. ***Id***. at 20. Trial counsel also

testified that he was never made aware of the *pro se* PCRA petition filed by Appellant in October 2013:

> I had no knowledge when he filed the *pro se* PCRA that he was filing that. And, if he wanted to file a direct appeal, I would think that he could have told [me he] wanted a direct appeal or he could have filed a *pro se* notice of appeal for direct appeal. He chose to do a PCRA. I don't know why he would do that.

*Id*. at 26.

At the conclusion of the hearing, the PCRA court entered an order denying the "defense petition to reinstate appellate rights [*nunc*] *pro tunc*." *See* Order, 8/1/19, at ¶ 1. Appellant filed a timely, counseled notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. In relevant part, the PCRA court concluded that trial counsel had properly spoken with Appellant concerning his appellate rights, but had never received any concrete directive from Appellant. *See* PCRA Court Opinion, 11/20/19, at 3.

Appellant presents the following issue for our review: "Whether the lower court erred in dismissing the [PCRA] petition claiming ineffective assistance of counsel for failure to file a direct appeal[?]" Appellant's brief at 7. Our standard and scope of review in this context are well-established:

> When reviewing the propriety of an order pertaining to PCRA relief, we consider the record in the light most favorable to the prevailing party at the PCRA level. This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. However we afford no such deference to the post-conviction court's legal conclusions.

We thus apply a *de novo* standard of review to the PCRA [c]ourt's legal conclusions.

***Commonwealth v. Diaz***, 183 A.3d 417, 421 (Pa.Super. 2018) (internal citations and quotation marks omitted).

At the outset of our analysis, we note that this proceeding presents a problematic procedural posture in that Appellant's *pro se* PCRA petition was filed before Appellant's judgment of sentence became final,[2] and while Appellant was still represented by trial counsel.[3] As such, we note that the PCRA court was mistaken in treating Appellant's *pro se* PCRA petition as a valid pleading under Pennsylvania law, and would ordinarily call for this Court to vacate the order adjudicating such claims. ***See***, ***e.g.***, ***Commonwealth v. Willis***, 29 A.3d 393, 400 (Pa.Super. 2011) (vacating order entered on PCRA petition that violated hybrid representation); ***Commonwealth v. Leslie***, 757 A.2d 984, 985 (Pa.Super. 2000) (vacating order entered on prematurely filed PCRA petition). The PCRA court should have dismissed this *pro se* filing

---

[2] ***See Commonwealth v. Claffey***, 80 A.3d 780, 783 (Pa.Super. 2013) ("[W]hen post-sentence motions are filed, the judgment of sentence does not become final until those motions are decided."); ***see also Commonwealth v. Kubis***, 808 A.2d 196, 198 n.4 (Pa.Super. 2002) ("The PCRA provides petitioners with a means of collateral review, but has no applicability until the judgment becomes final.").

[3] Our Supreme Court has explicitly extended Pennsylvania's prohibition against hybrid representation into the realm of the PCRA. ***See Commonwealth v. Pursell***, 724 A.2d 293, 302 (Pa. 1999) ("We will not require courts considering PCRA petitions to struggle through the *pro se* filings of defendants when qualified counsel represents those defendants.").

without prejudice to Appellant's ability to re-file at an appropriate juncture, or simply regarded the filing as a legal nullity.

Moreover, Pa.R.Crim.P. 576(A)(4) required that a time-stamped copy of this *pro se* filing be forwarded to both Appellant's counsel and the Commonwealth.[4] However, it is not possible to confirm that time-stamped copies of Appellant's *pro se* PCRA petition were distributed to the parties by the clerk of courts as mandated by Pa.R.Crim.P. 576(A)(4) (requiring the clerk of courts to forward a time-stamped copy of all *pro se* filings to the parties' attorneys within ten days of receipt). Both the docket and certified record are silent as to whether this service ever occurred. Trial counsel also confirmed in his testimony that he was unaware of Appellant's petition at the time of filing and never received a contemporaneous copy of it. *See* N.T. PCRA Hearing, 8/1/19, at 21, 24-26.

These issues are not merely formalistic. As with all PCRA petitions, Appellant must satisfy the jurisdictional requirements underlying the PCRA, which includes timeliness. *See Commonwealth v. Hackett*, 56 A.3d 978, 983 (Pa. 2008) (timeliness of a PCRA petition is a jurisdictional requirement).

---

[4] While Rule 576(A)(4) requires the clerk of courts to accept and docket *pro se* filings, the commentary to the rule strongly suggests that these filings have no substantive effect upon the proceedings. *See* Pa.R.Crim.P. 576, at cmt. ("The requirement that the clerk time stamp and make docket entries of the filings in these cases only serves to provide a record of the filing, and does not trigger any deadline nor require any response.").

Specifically, all PCRA petitions must filed "within one year of the date that the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1).

In the intervening months following Appellant's *pro se* filing, his sentence became final and his window in which to file a valid PCRA petition expired. *See* 42 Pa.C.S. § 9545(b)(1). Due to the PCRA court's misapprehension concerning the validity of Appellant's *pro se* petition and the violation of Rule 576(A)(4), Appellant's amended petition was not actually filed until it was technically untimely under the PCRA.[5]

While acknowledging the significant procedural issues posed by Appellant's initial *pro se* petition, we emphasize that these faults are directly attributable to the PCRA court's error. This misstep was further exacerbated by the failure of the clerk of courts to provide a copy of this *pro se* filing to the parties pursuant to Rule 576(A)(4).[6] Under these circumstances, we conclude that it would be unjust to consider Appellant's *pro se* PCRA petition a legal nullity. *See Commonwealth v. Leatherby*, 116 A.3d 73, 79 (Pa.Super. 2015) (holding that a defendant's *pro se* post-sentence motion was not a legal nullity where there was significant confusion and delay in appointing counsel, and an "administrative breakdown" led to the filing of an untimely appeal).

---

[5] Given the errors described above, this oversight is entirely understandable.

[6] *See Rothstein v. Polysciences, Inc.*, 853 A.2d 1072, 1075 (Pa.Super. 2004) ("Cases involving a breakdown in court operations often involve a failure on the part of the prothonotary to fulfil his or her ministerial duties[.]".

- 7 -

Furthermore, "[o]nce counsel has been appointed for an indigent petitioner, the rules of criminal procedure further contemplate after reviewing the certified record appointed counsel may . . . elect to raise additional issues beyond those which the petitioner raised in the initial *pro se* filing." **Commonwealth v. Padden**, 783 A.2d 299, 308 (Pa. 2001). Thus, PCRA courts are invested with great discretion to permit the amendment of a post-conviction petition. **See Commonwealth v. Flanagan**, 854 A.2d 489, 499 (Pa. 2004); Pa.R.Crim.P. 905(a) ("The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time. Amendment shall be freely allowed to achieve substantial justice.").

Under these circumstances, we will deem that the numerous entries of appearances and PCRA filing extensions entered by the PCRA court between May 15, 2014, and October 30, 2015, properly extended Appellant's time in which to file an amended petition. **See** Pa.R.Crim.P. 905(a); **see also Commonwealth v. Boyd**, 835 A.2d 812, 816 (Pa.Super. 2003) (holding that where a PCRA court denied a petition to amend, but later accepted and considered the amended petition on its merits, the PCRA court "effectively allowed Appellant to amend his petition to include those issues presented in the supplement" pursuant to Rule 905(a)). As such, we will address the merits of this appeal.

Instantly, Appellant's sole appellate claim[7] concerns the alleged ineffectiveness of trial counsel. **See** Appellant's brief at 12-14. The following legal principles will guide our review:

> When reviewing claims of ineffective assistance of counsel, courts must presume that counsel provided effective assistance. To overcome this presumption, the vast majority of cases, decided under [**Strickland v. Washington**, 466 U.S. 668 (1984)], require the defendant to plead and prove that (1) the claim has arguable merit; (2) counsel lacked any reasonable basis for the action or inaction; and (3) the petitioner suffered prejudice as a result.

**Commonwealth v. Diaz**, 226 A.3d 995, 1008 (Pa. 2020) (internal citations omitted). "Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim." **Commonwealth v. McGarry**, 172 A.3d 60, 70 (Pa.Super. 2017).

Our Supreme Court has held that where "there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases" and denies the accused the assistance of counsel that is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution. **Commonwealth v. Lantzy**, 736 A.2d 564, 572 (Pa. 1999).

---

[7] Although Appellant also raised claims regarding the alleged illegality of his sentence in his counseled "Supplemental Petition," no argument on this issue appears in Appellant's brief. As such, this claim is waived. **See** Pa.R.A.P. 2119(a); **see also Commonwealth v. Antidormi**, 84 A.3d 736, 754 (Pa.Super. 2014) ("As Appellant has cited no legal authorities nor developed any meaningful analysis, we find this issue waived for lack of development.").

Such an oversight constitutes prejudice and *per se* ineffectiveness under the PCRA. ***Id***. However, "[b]efore a court will find ineffectiveness of trial counsel for failing to file a direct appeal, **Appellant must prove that he requested an appeal and that counsel disregarded this request**." ***Commonwealth v. Touw***, 781 A.2d 1250, 1254 (Pa. 1999) (emphasis added).

Instantly, Appellant and trial counsel presented conflicting evidence regarding this claim at the PCRA hearing. While Appellant testified that he had requested trial counsel file a direct appeal on his behalf, he could offer nothing aside from an uncorroborated claim to that effect. ***See*** N.T. PCRA Hearing, 8/1/19, at 5-6, 10. Trial counsel testified as follows:

> A. My recollection was [Appellant] did not ask for an appeal and that he asked for the reconsideration, which I did file.
>
> Q. Okay. So, did someone on Mr. Mojica's behalf ever ask you to file an appeal?
>
> A. No.
>
> Q. And, have you ever received any writing from Mr. Mojica asking about an appeal?
>
> A. No.

***Id***. at 20.

The PCRA court also had the content of Appellant's *pro se* PCRA petition before it in considering Appellant's claim for *nunc pro tunc* relief. However, it ultimately chose to credit trial counsel's testimony above that of Appellant. ***See*** Rule 1925(a) Opinion, 11/20/19, at 3 ("This [c]ourt found [trial counsel's] testimony credible and properly dismissed Appellant's PCRA petition.").

Appellant's arguments amount to a bare assertion that we should disregard the credibility determinations of the PCRA court. ***See*** Appellant's brief at 13. However, we are bound by the credibility determinations of the PCRA court, particularly where, as here, those findings are supported by the record. ***Accord Commonwealth v. Medina***, 92 A.3d 1210, 1214-15 (Pa.Super. 2014) ("The PCRA court's credibility determinations, when supported by the record, are binding on this Court.").

Accordingly, we are constrained to conclude that Appellant has failed to establish that he requested trial counsel file a direct appeal on his behalf. As such, no relief is due on his claim for relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/20/20