J-S52026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSE MERRADO | : | |
| | : | |
| Appellant | : | No. 26 EDA 2018 |

Appeal from the PCRA Order December 21, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008412-2014

BEFORE:   PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED:  MARCH 15, 2021**

Jose Merrado (Appellant) appeals from the order entered in the Philadelphia County Court of Common Pleas, denying his first petition for relief filed pursuant to the Post Conviction Relief Act[1] (PCRA).  Appellant seeks relief from his 2016 guilty plea to charges of aggravated assault and possession of an instrument of crime (PIC)[2] following his stabbing of a fellow inmate while incarcerated for another offense.  On appeal, Appellant contends his guilty plea was involuntarily entered because plea counsel promised him he would be sentenced to less than six to 12 years' imprisonment, and sentencing

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 907(a), 2702(a)(2).

counsel was ineffective for failing to file a post-sentence motion or a direct appeal. For the reasons below, we affirm.

The PCRA court aptly summarized the facts underlying Appellant's guilty plea as follows:

> [This] matter stems from the report that [Appellant] brutally stabbed a fellow inmate, Elizer Ramos, on May 2, 2014[,] in the House of Corrections Facility located on State Road in the northeast section of Philadelphia. Essentially Mr. Ramos stated to law enforcement that he and other inmates were playing dominoes when Appellant and others disrupted the game. When the victim asked for some consideration, an argument ensued and Appellant punched the complainant in the face. Correctional officers initially separated the men but later observed Appellant leave the area, return with a homemade knife, and chase the complainant. The complainant fell as he tried to get away from Appellant. Correctional officers observed Appellant stab Mr. Ramos multiple times while he lay helpless on the ground.
>
> Correctional Officer Jose Abraham was able to convince Appellant to relinquish the weapon and lock him in the cell. After being locked in his cell, Appellant used his bed to break a porcelain sink and toilet in a continuing fit of rage. Appellant then used a porcelain shard to cut his own left arm and both hands requiring medical treatment. The complainant was treated for significant stab wounds to his scalp, abdomen, back, and right leg and a broken nose. Photographs of both of the complainant and Appellant's injuries, as well as Appellant's cell area were taken by law enforcement.

PCRA Ct. Op., 3/23/18, at 1-2 (unpaginated).

In addition to aggravated assault and PIC, Appellant was charged with attempted murder, simple assault, recklessly endangering another person, and inmate procurement of a weapon.[3] On January 13, 2016, Appellant,

---

[3] 18 Pa.C.S. §§ 901, 2701, 2705, 5122(a)(2).

represented by Thomas McGill, Esquire, appeared before the trial court, and entered an open guilty plea to charges of aggravated assault, graded as a first-degree felony, and PIC, graded as a first-degree misdemeanor. N.T. Guilty Plea, 1/13/16, at 2-5. Referencing a written plea colloquy completed by Appellant, the trial court noted that in exchange for the plea, "the Commonwealth will not have any recommendations as to the sentence to be imposed." *Id.* at 2-3. Indeed, the written colloquy indicates "[t]here is no plea bargain or agreement of any kind," with the exception that the Commonwealth would drop "all other charges." *See* Written Guilty Plea Colloquy, 1/13/16, at 1. The trial court ordered both a pre-sentence investigation report and a mental health evaluation. N.T., Guilty Plea, at 8.

Prior to sentencing, Attorney McGill withdrew from representation and Frederick Lowenberg, Esquire, was appointed to represent Appellant. Following a hearing conducted on March 30, 2016, the trial court sentenced Appellant to a term of seven to 15 years' incarceration for aggravated assault, and a consecutive five years' probation for PIC. No post-sentence motion or direct appeal was filed.

On November 23, 2016, Appellant filed the instant, timely PCRA petition, his first. Richard Blok, Esquire, was appointed to represent him. On April 20, 2017, Attorney Blok filed an amended petition, asserting claims of ineffective assistance of (1) plea counsel for "promising [Appellant] a sentence lower than 6-12 years if he plead guilty," and (2) sentencing counsel for failing "to file post[-]sentence motions, or an appeal[.]" Appellant's [Amended] Post

Conviction Relief Act Petition, 4/20/17, at 2 (unpaginated). Attorney Blok also averred that "[t]he trial court compounded this problem by failing to colloquy [Appellant] on if he had been forced, threatened, or promised anything to plead guilty." *Id.* That same day, Attorney Blok filed a motion to withdraw his appearance due to the fact that he was moving out of state. *See* Motion to Withdraw Appearance, 4/20/17, at 1 (unpaginated). The PCRA court granted the motion to withdraw,[4] and Benjamin Cooper, Esquire, was appointed as new PCRA counsel.

On December 21, 2017, the PCRA court conducted an evidentiary hearing. That same day, the court entered an order denying PCRA relief. This timely appeal followed.[5] On November 1, 2018, after Attorney Cooper failed to file a brief, this Court remanded the case to the PCRA court for 30 days "for a determination as to whether counsel has abandoned [A]ppellant and to take further action as required to protect [A]ppellant's right to appeal." Order, 11/1/18. Despite this Court's mandate, the docket reveals no further activity until February 13, 2020, when present counsel — Mark Mungello, Esquire — was appointed.[6] *See* Trial Ct. Docket, 2/13/20.

---

[4] *See* Order, 4/21/17.

[5] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

[6] Neither the trial court, nor the parties, offer any explanation of this 14-month delay.

- 4 -

Appellant raises the following two questions on appeal:

1. Whether . . . Appellant . . . entered a guilty plea . . . that was not voluntary, free and intelligent where [Attorney McGill] promised or predicted with certitude that . . . Appellant would receive a sentence of less than the six (6) to twelve (12) years that the Commonwealth had offered to him, where the sentence that he actually received was greater than that and where [Attorney Lowenberg] failed to file a motion for reconsideration or a direct appeal[?]

2. Whether [Attorney McGill] was ineffective for promising . . . Appellant . . . would receive less tha[n] the 6 to 12 year sentence that the Commonwealth had offered to him when he received a sentence of 7 to [15] years in prison for his sentence in this case, and whether [Attorney Lowenberg] simply remained silent about that promise prior to . . . Appellant's sentence and failed to file either a motion for reconsideration or a direct appeal after [being] asked to do so[?]

Appellant's Brief at 4.

Our review of an order denying a PCRA petition is well-settled: "[W]e must determine whether the PCRA court's order 'is supported by the record and free of legal error.'" *Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (citation omitted). Furthermore, "[t]he PCRA court's factual findings and credibility determinations, when supported by the record, are binding upon [the appellate c]ourt." *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020).

In his first issue, Appellant contends his plea was involuntarily entered because Attorney McGill "promised or predicted or projected with certainty that . . . Appellant was going to receive a sentence of less than six (6) to twelve (12) years in prison[.]" Appellant's Brief at 11, 12. He maintains that the Commonwealth originally offered a six to 12 year plea deal, which he

- 5 -

rejected. *See id.* at 12; N.T. PCRA H'rg, 12/21/17, at 24. Appellant insists he wanted to proceed to trial. Appellant's Brief at 11. However, he claims that he agreed to plead guilty after Attorney McGill told him that "he had spoken to both the Judge and to the Assistant District Attorney and they were both in favor of [Appellant] being given a sentence of less than" that initial offer. *Id.* at 11-12. Appellant maintains Attorney McGill did not "'promise' any particular sentence," but rather, indicated the trial court agreed to impose a sentence less than the initial offer. *Id.* at 13. Moreover, Appellant asserts he did not inform the trial court of this "agreement" during the plea colloquy because he "trust[ed his] attorney[ ] and [did] what [he was] told to do." *Id.* at 12. Implicit in Appellant's argument is his claim that Attorney McGill rendered ineffective assistance by "promis[ing] or predict[ing] or project[ing] with certainty" that Appellant would be sentenced to a term of less than six to 12 years' incarceration. *See* Appellant's Brief at 11, 18.

A petitioner is entitled to relief under the PCRA if he plead and proves, *inter alia*, (1) his guilty plea was "unlawfully induced" and "the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent[;]" or (2) his conviction or sentence resulted from "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543 (a)(2)(ii)-(iii). In order to obtain relief based upon an allegation of prior counsel's ineffectiveness,

the petitioner must demonstrate: (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. . . . Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness the petitioner must advance sufficient evidence to overcome this presumption.

*Johnson*, 139 A.3d at 1272 (citations omitted). "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [the] appellant to enter an involuntary or unknowing plea." *Commonwealth v. Fears*, 86 A.3d 795, 806–07 (Pa. 2014) (citation omitted).

Appellant's claim is belied by the record. Appellant's written guilty plea colloquy clearly states there was no plea bargain in this case, with the exception that the Commonwealth would "[d]rop . . . all other charges[,]" one of which was a charge of attempted murder. *See* Written Guilty Plea Colloquy at 1. Moreover, at the guilty plea hearing, the trial court asked Appellant if it was his "understanding" that, in exchange for his plea to aggravated assault and PIC, "the Commonwealth [would] not have any recommendations as to the sentences to be imposed." N.T., Guilty Plea, at 2-3. Appellant responded, "Yes." *Id.* at 3. Appellant also acknowledged that he signed the written plea colloquy, he reviewed all of his rights and opportunities with his attorney, and he was satisfied with his attorney's representation. *Id.* Before ordering a presentence investigation report and mental health evaluation, the trial court also asked Appellant: "You understand that there are no negotiations with respect to what type of sentence this Court would impose?" *Id.* at 5. Again,

Appellant answered, "Yes." *Id.* Appellant then affirmatively stated he was guilty of the crimes charged. *Id.* at 8.

It is well-settled that "a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies." *Commonwealth v. Pier*, 182 A.3d 476, 480 (Pa. Super. 2018) (citation omitted). Here, in both his written and oral plea colloquies, Appellant affirmed that there was no agreement as to his sentence. *See* Written Guilty Plea Colloquy at 1; N.T., Guilty Plea, at 3-5.[7]

Furthermore, at the PCRA hearing, Attorney McGill specifically denied that he provided Appellant with any specific sentencing assurances:

> [Appellant's PCRA Counsel:] . . . Were there any specific numbers mentioned in terms of what would happen if — what you thought in your legal opinion could happen between the two scenarios: Guilty plea versus trial?
>
> [Attorney McGill:] Never. The only thing I would have discussed with him would have been the guidelines.
>
> [Appellant's PCRA Counsel:] Okay. Okay. So . . . what's alleged in the petition is trial counsel was ineffective for promising petitioner a sentence lower than six to 12 years if he pled guilty.
>
> [Attorney McGill:] That never happened.

---

[7] We note Appellant could have challenged the voluntariness of his guilty plea on direct appeal. Because he failed to do so, his present claim is also waived. *See* 42 Pa.C.S. §§ 9543(a)(3) (petitioner must plead and prove a claim is not previously litigated or waived); 9544(b) ("an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

N.T. PCRA H'rg, 12/21/17, at 11. The PCRA court found Attorney McGill's testimony credible, and Appellant's testimony non-credible. *See id.* at 55 ("I do find, specifically, that [Attorney] McGill was very credible [and] when he said you were not offered anything, I believe him. I do not believe you"); PCRA Ct. Op. at 9 ("This court determined that [Attorney] McGill's testimony was most trustworthy[.]"), 11 ("[T]he manner in which [Appellant] testified at the evidentiary hearing led this court to the reasonable conclusion that the claims were devised falsely to avoid or reduce his sentence well after the initial decisions were made by him."). We will not disturb the PCRA's credibility determinations when, as here, they are supported by the record. *See Small*, 238 A.3d at 1280. Accordingly, Appellant's first claim fails.

Next, Appellant argues Attorney Lowenberg was ineffective for failing to file a post-sentence motion or direct appeal. Appellant's Brief at 17. Appellant insists "there can be no excuse for not having done so." *Id.* at 19.

Preliminarily, we note:

> [P]ost-sentence motions for withdrawal [of a guilty plea] are subject to higher scrutiny [than pre-sentence motions to withdraw a plea] since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily.

*Commonwealth v. Kehr*, 180 A.3d 754, 756–57 (Pa. Super. 2018) (citation omitted). In the present case, Appellant's claim that Attorney Lowenberg was

ineffective for failing to file a post-sentence motion to withdraw his guilty plea fails on all three prongs. **See Johnson**, 139 A.3d at 1272.

First, as explained above, Appellant's underlying challenge to his guilty plea has no arguable merit. Indeed, Attorney McGill testified during the PCRA hearing that he never promised or predicted that the trial court would impose a sentence of less than six to 12 years' imprisonment if Appellant entered a guilty plea, and the PCRA court found that testimony credible. **See** N.T., PCRA H'rg, at 11; PCRA Ct. Op. at 9. Second, Appellant failed to call Attorney Lowenberg to testify at the PCRA hearing, and thus, failed to demonstrate counsel had no reasonable basis for his inaction. Lastly, Appellant has failed to demonstrate prejudice, namely, that the trial court would have **granted** a post-sentence motion to withdraw his plea. Indeed, Appellant fails to even acknowledge the "manifest injustice" standard required to withdraw a guilty plea post-sentencing. **See Kehr**, 180 A.3d at 756-57. Thus, Appellant is entitled to no relief.

With regard to Attorney Lowenberg's purported failure to file a direct appeal, we note:

> Our Supreme Court has held that where "there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases" and denies the accused the assistance of counsel that is guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution. Such an oversight constitutes prejudice and per se ineffectiveness under the PCRA. However, "[b]efore a court will find ineffectiveness of trial counsel for failing

- 10 -

to file a direct appeal, **Appellant must prove that he requested an appeal and that counsel disregarded this request**."

***Commonwealth v. Mojica***, 242 A.3d 949, 955 (Pa. Super. 2020) (citations omitted).

Here, Appellant has failed to prove that he **requested** Attorney Lowenberg file a direct appeal. Although Appellant avers in his brief he "tried to have [Attorney] Lowenberg file a direct appeal on [his] behalf[,]" he fails to explain how he did so. ***See*** Appellant's Brief at 18. Moreover, at the PCRA hearing, he did not testify that he asked counsel to file a direct appeal. Accordingly, no relief is warranted.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/21

- 11 -