J-S12033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AUSTIN PATRICK HAITOS | : | |
| | : | |
| Appellant | : | No. 1291 MDA 2022 |

Appeal from the PCRA Order Entered August 11, 2022
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000526-2017

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                          **FILED: JUNE 6, 2023**

Appellant, Austin Patrick Haitos, appeals from the order of the Court of Common Pleas of Lebanon County (trial court) that denied his first petition filed under the Post Conviction Relief Act (PCRA).[1]   After careful review, we affirm.

On February 28, 2018, Appellant was convicted by a jury of involuntary deviate sexual intercourse (IDSI), sexual assault, and two counts of indecent assault.  These convictions arose out of an incident that occurred in the early morning of January 1, 2017, following a New Years' Eve party, when Appellant

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

put his penis in the mouth of a woman (Victim) while she was sleeping.  The

evidence at trial showed the following:

> [O]n December 31, 2016, [Victim's] family held a New Year's Eve
> party at the family house…, to which [Victim] and her four siblings
> had invited approximately forty to fifty friends. There was alcohol
> at the party and the house had been accommodated for the
> attendees to sleep over. While some attendees arrived earlier,
> most began to arrive between 9 P.M. and 9:30 P.M. [Victim]
> admitted that she had been drinking on the night of the party as
> well. [Victim] testified that attendees began to go to sleep or leave
> the party around 2:30 A.M.
>
> [Victim] went to sleep in the lower basement on a couch with a
> friend laying behind her. [Victim] then woke up and felt a penis
> being thrusted into her mouth. [Victim] did not see the face of the
> person who had inserted his penis into her mouth while she was
> asleep, but she saw his legs and she saw the person pull his pants
> up, turn around and begin rapidly walking away. [Victim] was able
> to identify the individual as Appellant from the unique outfit he
> was wearing the night of the party and from his unique gait.
> [Victim] has known Appellant most of her life and Appellant lived
> within walking distance of the family home. As Appellant was
> walking away, [Victim] called out after him to stop and come back,
> but Appellant continued to walk [a]way.
>
> 　　　　　*　　　　　*　　　　　*
>
> [One of the partygoers] testified at trial that he and Appellant
> were going to watch a movie at about 4 a.m. As he was setting
> up the movie, Appellant mentioned to him that [Victim] "looked
> hot" that night. Shortly thereafter, [the partygoer] excused
> himself to go to the restroom, and when he returned, Appellant
> was gone. Ten to fifteen minutes later, [the partygoer] heard
> [Victim] screaming and crying as she moved throughout the
> house. Appellant reentered the living room from the rear of the
> house mumbling about his coat and exited through the front door.
> [The partygoer] observed [Victim] as she went to the front door
> and yelled at Appellant.

*Commonwealth v. Haitos*, No. 1788 MDA 2018, slip op. at 1-3 (Pa. Super. filed July 25, 2019) (unpublished memorandum) (citations and brackets omitted).

Victim's mother took Victim to a hospital, where the police were notified and Victim's mouth was swabbed for evidence. *Haitos*, No. 1788 MDA 2018, slip op. at 2. Later that day, Appellant's clothing was collected, and swabs were taken of Appellant's genitals. *Id.*; N.T. Trial, 2/27/18, at 157-59. DNA testing was performed on the swabs from Victim's mouth and Appellant's genitals and on a cutting of Appellant's underpants. N.T. Trial, 2/27/18, at 195-200; Commonwealth Ex. 4. The testing did not find sufficient DNA other than Victim's DNA on Victim's swab to identify any person other than Victim as a contributor and did not find sufficient DNA other than Appellant's DNA on the swabs of Appellant's genitals and his underpants to identify any other person as a contributor. N.T. Trial, 2/27/18, at 197-200, 203-04; Commonwealth Ex. 4.

On June 13, 2018, the trial court sentenced Appellant to 4 to 10 years' imprisonment for the IDSI conviction and the other convictions merged with the IDSI conviction for sentencing purposes. Sentencing Order. Appellant filed a post-sentence motion, which the trial court denied. Appellant timely appealed, asserting that the trial court erred in admitting testimony of a female partygoer, S.B., concerning a sexual advance by Appellant earlier on the night of the party, and that the verdict was against the weight of the

evidence. On July 25, 2019, this Court affirmed Appellant's judgment of sentence. Appellant filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on January 7, 2020.

Appellant filed a timely PCRA petition on January 5, 2021, and on June 9, 2021, filed an amended PCRA petition asserting eight claims for PCRA relief, including all of the claims that are the subject of this appeal. The trial court held hearings on this PCRA petition on December 6, 2021 and February 1, 2022 at which Appellant's trial counsel and Appellant testified. On August 11, 2022, the trial court entered an order denying Appellant's PCRA petition. Trial Court Order and Opinion, 8/11/22, at 1. This timely appeal followed.

Appellant presents the following issues for our review:

1. Whether the PCRA court committed error when it ruled that Appellant's Sixth Amendment Right to Effective Assistance of Counsel was not violated by his trial attorney's failure, during trial, to take the necessary steps to discredit [Victim]?

2. Whether the PCRA court committed error when it ruled that Appellant's Sixth Amendment Right to Effective Assistance of Counsel was not violated by his trial attorney's failure to request a limiting instruction following [S.B.'s] testimony?

3. Whether the PCRA court committed error when it ruled that Appellant's Sixth Amendment Right to Effective Assistance of Counsel was not violated by his trial attorney's failure to object and move for a mistrial after the Commonwealth's closing statement?

4. Whether the PCRA court committed error when it rejected Appellant's claim that his Sixth Amendment Right to Effective Assistance of Counsel was violated by the cumulative effect of the attorney errors alleged in his PCRA Petition?

Appellant's Brief at 4-5 (suggested answers omitted).

- 4 -

Our review of an order denying a PCRA petition is limited to determining whether the record supports the PCRA court's findings and whether its decision is free of legal error. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015); *Commonwealth v. Johnson*, 236 A.3d 63, 68 (Pa. Super. 2020) (*en banc*); *Commonwealth v. Smith*, 181 A.3d 1168, 1174 (Pa. Super. 2018). We must view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. *Mason*, 130 A.3d at 617; *Commonwealth v. Mojica*, 242 A.3d 949, 953 (Pa. Super. 2020); *Johnson*, 236 A.3d at 68. The PCRA court's credibility determinations, if supported by the record, are binding on this Court. *Mason*, 130 A.3d at 617; *Mojica*, 242 A.3d at 953, 956; *Commonwealth v. Orlando*, 156 A.3d 1274, 1280 (Pa. Super. 2017).

All of Appellant's issues are claims that trial counsel was ineffective. To be entitled to relief under the PCRA on a claim of ineffective assistance of counsel, the defendant must prove: (1) that the underlying claim is of arguable merit; (2) that counsel's action or inaction had no reasonable basis designed to effectuate her client's interest; and (3) that he suffered prejudice as a result of counsel's action or inaction. *Mason*, 130 A.3d at 618; *Commonwealth v. Selenski*, 228 A.3d 8, 15 (Pa. Super. 2020); *Commonwealth v. Ligon*, 206 A.3d 515, 519 (Pa. Super. 2019). The defendant must satisfy all three prongs of this test to obtain relief under the

PCRA. ***Mason***, 130 A.3d at 618; ***Commonwealth v. Burno***, 94 A.3d 956, 972 (Pa. 2014); ***Smith***, 181 A.3d at 1175.

In his first issue, Appellant argues that his trial counsel's cross-examination of Victim was inadequate in two respects. First, Appellant asserts that trial counsel was ineffective for failure to question Victim on whether she told a friend that Appellant had lured her into another room before assaulting her, which would be inconsistent with her testimony that Appellant assaulted her while she was sleeping on the couch next to her friend. The other claimed deficiency is that trial counsel allegedly failed to sufficiently cross-examine Victim concerning her intoxication. These arguments fail because the trial court found that trial counsel had a reasonable basis for her actions, Trial Court Order and Opinion, 8/11/22, at 5-6, and those findings are supported by the record and legally correct.

Trial counsel testified at the PCRA hearing that she cross-examined Victim concerning her drinking at the party in order to show that her perception may have been impaired. N.T. PCRA, 12/6/21, at 14-15, 21. Trial counsel testified that she did not cross-examine Victim further because she elicited sufficient evidence from Victim concerning her drinking and because she concluded from Victim's composure on the stand and her responses that continuing to cross-examine Victim would not produce any beneficial answers and that "it would have been dangerous to press her further." ***Id.*** at 21, 31-33.

The record from the trial supports the trial court's conclusion that the decision not to cross-examine Victim further concerning her alcohol consumption was reasonable. The trial transcript shows that trial counsel cross-examined Victim concerning both the amount of alcohol she had consumed and the drinking games in which she participated at the party. N.T. Trial, 2/27/18, at 46-58. In this cross-examination, Victim admitted that she was drinking for five hours and consumed several beers and at least four glasses of champagne sangria that contained both champagne and red wine. *Id.* at 47-50. In addition, trial counsel cross-examined other witnesses concerning Victim's drinking and level of inebriation, some of whom testified that Victim was significantly intoxicated. *Id.* at 79-80, 91, 108-10, 118, 126-27.

The record also supports the trial court's conclusion that there was a reasonable basis for trial counsel's actions concerning Victim's alleged prior inconsistent statement. While trial counsel did not ask Victim whether she had told a friend that Appellant had lured her into another room before assaulting her, she did bring this inconsistent statement into evidence in her cross-examination of the friend and used this inconsistency in her closing argument. N.T. Trial, 2/27/18, at 114-16; N.T. Trial, 2/28/18, at 22. The decision to question the friend on this statement, rather than Victim, was reasonable, since the claim that Victim made the inconsistent statement was based on a statement that the friend made to an investigator and trial counsel

used the statement to the investigator to cross-examine the friend on this subject.  N.T. Trial, 2/27/18, at 115-16.

Appellant's second issue concerns trial counsel's actions with respect to the testimony of witness S.B.  Prior to trial, the Commonwealth had sought to introduce evidence from several witnesses, including S.B., concerning instances of prior nonconsensual sexual touching by Appellant.  *Haitos*, No. 1788 MDA 2018, slip op. at 3 n.1; Commonwealth Notice to Introduce Evidence of Prior Bad Acts at 3-5.  Appellant's trial counsel opposed the Commonwealth's attempt to introduce any of this bad act evidence, and the trial court permitted the Commonwealth to introduce only S.B.'s bad act testimony.  *Haitos*, No. 1788 MDA 2018, slip op. at 3 n.1; N.T. PCRA, 12/6/21, at 21-22.  Appellant's counsel in his direct appeal argued that admission of S.B.'s bad act testimony was reversible error, but this Court held that the trial court did not abuse its discretion in permitting the Commonwealth to introduce this evidence under Pa.R.Crim.P. 404(b) for the purpose of showing Appellant's state of mind, to prove that Appellant's contact with Victim was for sexual gratification.  *Haitos*, No. 1788 MDA 2018, slip op. at 4-9.  In this appeal, Appellant's only claim on this subject is that trial counsel was ineffective because she did not request that the jury be given a limiting instruction concerning its consideration of S.B.'s testimony.

This claim of ineffective assistance of counsel fails for the same reason as Appellant's first issue. The trial court found that trial counsel had a

reasonable basis for not requesting a limiting instruction. Trial Court Order and Opinion, 8/11/22, at 6-7. That determination, like its ruling on Appellant's first issue, is supported by the record and legally correct.

Trial counsel testified at the PCRA hearing that she made a strategic decision not to request a limiting instruction because S.B.'s testimony was very brief and a limiting instruction would have both highlighted it and made the testimony, which was relatively minor, more damaging. N.T. PCRA, 12/6/21, at 22. That judgment was reasonable. S.B.'s only testimony on this subject was indeed brief, consisting of less than three pages of the trial transcript, and was that Appellant put his hand on her thigh and stroked her thigh under her dress without her consent when she was sitting next to him during the party, that she got up and walked away, and that she "just thought [Appellant] was being a dumb drunk kid." N.T. Trial, 2/27/18, at 130-31, 133. Where the testimony is brief and not extraordinarily harmful to the defendant, a decision to not request a limiting instruction to avoid calling additional attention to that testimony is a reasonable strategic choice that does not constitute ineffective assistance of counsel. *Commonwealth v. Solano*, 129 A.3d 1156, 1178 (Pa. 2015); *Commonwealth v. Hutchinson*, 811 A.2d 556, 561-62 (Pa. 2002). Moreover, the limited purpose for which S.B.'s testimony was admissible was to show that Appellant was acting for sexual gratification. *Haitos*, No. 1788 MDA 2018, slip op. at 8. Counsel could reasonably conclude that an instruction that focused the jury on viewing Appellant's inappropriate

touching of S.B. through the lens of sexual gratification could be more harmful than helpful to Appellant's defense.

Appellant's third claim of error concerns statements by the Commonwealth in its closing argument about Appellant's behavior when he was at the police station and the hospital on the day of the incident waiting for a swab of his genitals to be performed for DNA testing. At trial, the officer who was with Appellant testified that after he told Appellant that his genitals would be swabbed, Appellant repeatedly rubbed his genitals with his hand, both under and over the Tyvek suit he was wearing while awaiting the swabbing. N.T. Trial, 2/27/18, at 214-19. The officer testified that he asked Appellant what he was doing and that Appellant said that he "was adjusting himself" and that it was a nervous habit. *Id.* at 215, 217. The officer testified that he told Appellant to stop doing that because it made the officer uncomfortable, but that Appellant continued to periodically rub his genitals. *Id.* at 215-17. The Commonwealth in its closing argued that the jury could conclude from this evidence that Appellant was trying to destroy evidence by wiping Victim's DNA off his genitals. N.T. Trial, 2/28/18, at 58-60. Appellant contends that trial counsel's failure to object to these closing arguments constituted ineffective assistance of counsel. We do not agree.

It is proper for a prosecutor to summarize the admitted evidence, offer reasonable deductions and inferences from the evidence, provide fair rebuttal to defense arguments, and argue that the evidence establishes the

defendant's guilt. ***Burno***, 94 A.3d at 974; ***Commonwealth v. Thomas***, 54 A.3d 332, 338 (Pa. 2012); ***Commonwealth v. Riggle***, 119 A.3d 1058, 1068 (Pa. Super. 2015). The Commonwealth's argument here asserted a reasonable inference that the jury could draw from the evidence that Appellant repeatedly rubbed his genitals after he was told that they were going to be swabbed for DNA testing. In addition, this assertion was a fair response to Appellant's counsel's closing argument, as Appellant's counsel asserted in her closing that the evidence of Appellant rubbing his genitals "has nothing to do with anything" and was brought out by the Commonwealth just to make Appellant look bad. N.T. Trial, 2/28/18, at 26. Because the Commonwealth's closing argument was not improper, Appellant cannot satisfy the requirement that an objection to the closing argument would have had arguable merit, and trial counsel's failure to object cannot constitute ineffective assistance of counsel. ***Burno***, 94 A.3d at 975-76; ***Commonwealth v. Lawrence***, 165 A.3d 34, 42-44 (Pa. Super. 2017); ***Riggle***, 119 A.3d at 1068.

Appellant's only remaining claim of error is that the cumulative effect of the above-described alleged deficiencies of trial counsel in her cross-examination of Victim, her failure to request a limiting instruction, and her failure to object to the Commonwealth's closing argument deprived him of effective assistance of counsel. That is without merit. The cumulative effect of multiple actions or inactions of counsel may only be considered where those PCRA claims have been rejected solely due to lack of prejudice.

*Commonwealth v. Simpson*, 112 A.3d 1194, 1205–06 (Pa. 2015); *Commonwealth v. Koehler*, 36 A.3d 121, 161 (Pa. 2012); *Smith*, 181 A.3d at 1187. "[N]o number of failed ineffectiveness claims may collectively warrant relief if they fail to do so individually." *Simpson*, 112 A.3d at 1205. Here, all of Appellant's claims of ineffectiveness of trial counsel failed for reasons other than lack of prejudice.

For the foregoing reasons, we conclude that the trial court correctly held that Appellant's claims of ineffective assistance of counsel were without merit. Accordingly, we affirm the trial court's order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/06/2023