J-S35043-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY L. CAIN, JR. | : | |
| | : | |
| | : | No. 1513 MDA 2022 |

Appeal from the PCRA Order Entered September 30, 2022
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0000280-2017

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED: NOVEMBER 6, 2023**

Appellant, Gary L. Cain, Jr., appeals from the order of the Court of Common Pleas of Centre County that denied his timely first petition filed under the Post Conviction Relief Act (PCRA).[1]  After careful review, we affirm.

Appellant was charged on March 17, 2017 with 158 counts of various offenses for committing sex crimes against a mentally handicapped teenage girl (Victim) over a several year period that ended in 2016.  PCRA Court Opinion and Order at 1-2.  On November 15, 2017, Appellant was convicted by a jury of one count each of rape, statutory sexual assault, involuntary deviate sexual intercourse (IDSI) with a person less than 16 years old,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  42 Pa.C.S. §§ 9541–9546.

attempted IDSI with a person less than 16 years old, sexual assault, and corruption of minors, two counts of indecent assault, and 16 counts of unlawful contact with a minor, and was acquitted of the remaining 134 charges. *Id.* at 3. The trial court sentenced Appellant to an aggregate term of imprisonment of 175-350 years, consisting of 7 consecutive terms of 25-50 years' imprisonment and 17 concurrent terms of 25-50 years' imprisonment. Sentencing Order.[2]

Appellant filed a post-sentence motion, which the trial court denied. Appellant filed a timely direct appeal raising two claims of error: 1) that the trial court erred in prohibiting him from introducing evidence of jailhouse calls between William Beck and members of William Beck's family, including William Beck's brother, David Beck, that he contended showed that Victim was biased against Appellant and had a motive to fabricate and 2) that the trial court erred in admitting evidence that Appellant had sexually assaulted two other teenage girls. *Commonwealth v. Cain*, No. 1200 MDA 2018, slip op. at 4-9 (Pa. Super. October 25, 2019) (unpublished memorandum). On October 25, 2019, this Court rejected both of these claims of error and affirmed Appellant's judgment of sentence. *Id.* at 9-20. Appellant filed a timely petition for

---

[2] Appellant was subject to mandatory minimum sentences of 25-50 years' imprisonment for each of the counts of which he was convicted because he had previously been convicted of sex crimes. N.T. PCRA at 8; 42 Pa.C.S. § 9718.2.

allowance of appeal, which the Pennsylvania Supreme Court denied on August 3, 2020. *Commonwealth v. Cain*, 237 A.3d 408 (Pa. 2020).

On October 19, 2020, Appellant filed the instant *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant, and PCRA counsel filed an amended PCRA petition asserting multiple claims of ineffectiveness of trial counsel, including the claims that are the subject of this appeal. The PCRA court held a hearing on this PCRA petition on August 5, 2022 at which Appellant's trial counsel testified. On September 30, 2022, the PCRA court entered an order denying Appellant's PCRA petition. PCRA Court Opinion and Order at 15. This timely appeal followed.

Appellant presents the following two issues for our review: 1) whether the PCRA court erred in denying Appellant's claim that trial counsel, who also represented him in his direct appeal, was ineffective for failing on direct appeal to preserve and raise the argument that exclusion of the Beck jailhouse calls violated Appellant's due process rights and 2) whether the PCRA court erred in denying Appellant's claim that trial counsel was ineffective for failing to call as a witness at trial a Children & Youth Services (CYS) caseworker who had interviewed Victim. Appellant's Brief at 6.[3]

_____

[3] Appellant in his Statement of Questions Involved also refers in his first issue to a claim that trial counsel was ineffective for failing to argue on direct appeal that the exclusion of a school surveillance video that he had sought to admit at trial showing contact between Victim and David Beck violated his due process rights. Appellant's Brief at 6. Appellant, however, does not make any
*(Footnote Continued Next Page)*

- 3 -

Our review of an order denying a PCRA petition is limited to determining whether the record supports the PCRA court's findings and whether its decision is free of legal error. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015); *Commonwealth v. Johnson*, 236 A.3d 63, 68 (Pa. Super. 2020) (*en banc*); *Commonwealth v. Smith*, 181 A.3d 1168, 1174 (Pa. Super. 2018). We must view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. *Mason*, 130 A.3d at 617; *Commonwealth v. Mojica*, 242 A.3d 949, 953 (Pa. Super. 2020); *Johnson*, 236 A.3d at 68. The PCRA court's credibility determinations, if supported by the record, are binding on this Court. *Mason*, 130 A.3d at 617; *Mojica*, 242 A.3d at 953, 956; *Commonwealth v. Orlando*, 156 A.3d 1274, 1280 (Pa. Super. 2017).

Both of Appellant's issues are claims that his prior counsel was ineffective. To be entitled to relief on a claim of ineffective assistance of counsel, the defendant must prove: 1) that the underlying claim is of arguable merit; 2) that counsel's action or inaction had no reasonable basis designed to effectuate his client's interest; and 3) that he suffered prejudice as a result of counsel's action or inaction. *Mason*, 130 A.3d at 618; *Commonwealth v.*

---

argument or claim in the argument section of his brief that trial counsel was ineffective on appeal with respect to the exclusion of the school surveillance video. Any claim concerning counsel's failure to raise exclusion of the video in his direct appeal, if Appellant is seeking to raise such a claim at all here, is therefore waived and we do not consider it. Pa.R.A.P. 2119(a); *Commonwealth v. Taylor*, 277 A.3d 577, 590-91 (Pa. Super. 2022).

*Selenski*, 228 A.3d 8, 15 (Pa. Super. 2020); *Commonwealth v. Ligon*, 206 A.3d 515, 519 (Pa. Super. 2019). The defendant must satisfy all three prongs of this test to obtain relief under the PCRA. *Mason*, 130 A.3d at 618; *Mojica*, 242 A.3d at 955; *Smith*, 181 A.3d at 1175.

With respect to Appellant's first issue, the PCRA court held the claim of ineffectiveness for failing to preserve and raise a due process argument on direct appeal failed because Appellant did not prove prejudice. PCRA Court Opinion and Order at 9-11. We agree.

Where ineffective assistance of counsel on appeal is asserted, to prove prejudice, the defendant must show that there is a reasonable probability that the outcome of the appeal would have been different but for counsel's deficient performance. *Commonwealth v. Staton*, 120 A.3d 277, 295 (Pa. 2015); *Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014). Trial counsel argued on direct appeal that the recordings of the jailhouse calls "were reliable, relevant, and exculpatory evidence" because they showed that William Beck and David Beck wanted to have Victim accuse Appellant in retaliation for charges that William Beck had sexually assaulted Appellant's daughters. *Cain*, No. 1200 MDA 2018, slip op. at 6-10. Trial counsel argued that exclusion of these recordings was reversible error and this Court ruled on and rejected those arguments on the merits. *Id.* at 8-12. Appellant's only PCRA claim of ineffectiveness of counsel with respect to exclusion of the jailhouse call recordings is that trial counsel did not also preserve and

adequately raise the additional argument that the exclusion violated his due process rights. This Court concluded in Appellant's direct appeal that no due process argument concerning the jailhouse recordings had been preserved in the Pa.R.A.P. 1925(b) statement that trial counsel filed and did not rule on that issue because the due process argument was waived. *Cain*, No. 1200 MDA 2018, slip op. at 10 n.3.

Appellant cannot show that a fully preserved and raised due process argument would have had any effect on the outcome of his direct appeal. A defendant has a fundamental constitutional right to present a complete defense. *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006); *Commonwealth v. Yale*, 249 A.3d 1001, 1012-13, 1020-21 (Pa. 2021); *Commonwealth v. Henkel*, 938 A.2d 433, 443 (Pa. Super. 2007). The exclusion of relevant evidence supporting the defendant's defense to the charges against him therefore violates his due process rights where the evidence is excluded by a rule that is arbitrary or that excludes evidence disproportionately to the purposes that the rule is designed to serve. *Holmes*, 547 U.S. at 324-26, 331; *Yale*, 249 A.3d at 1021; *Commonwealth v. Uhrinek*, 544 A.2d 947, 952 (Pa. 1988). Exclusion of defense evidence on the ground that it is not probative or on the ground that any probative value is outweighed by unfair prejudice, confusion, or potential to mislead, however, does not violate the defendant's due process rights. *Holmes*, 547 U.S. at 326-27; *see also Yale*, 249 A.3d at 1021-25 (defense evidence may

constitutionally be excluded if the trial court concludes that its probative value is outweighed by the danger of confusing the issues or misleading the jury, but may not be excluded based on Pa.R.E. 404(b) similarity requirements).

> "[S]tate and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials." … While the Constitution … prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury. … [T]he Constitution permits judges "to exclude evidence that is 'repetitive …, only marginally relevant' or poses an undue risk of 'harassment, prejudice, [or] confusion of the issues.'"

**Holmes**, 547 U.S. at 324, 326-27 (citations omitted) (quoting **United States v. Scheffer**, 523 U.S. 303 (1998) and **Crane v. Kentucky**, 476 U.S. 683 (1986)).

The jailhouse call recordings were excluded by the trial court not based on any arbitrary or unusual rule or on a rule that does not apply to defense evidence, but on the grounds that their probative value was speculative and was significantly outweighed by the likelihood that they would confuse the issues and mislead the jury. **Cain**, No. 1200 MDA 2018, slip op. at 11. This Court affirmed the trial court on the ground that "the recordings were not exculpatory, and the trial court properly excluded them as speculative, confusing, and not probative." **Id.** Because exclusion of evidence on these grounds does not violate due process, **Holmes**, 547 U.S. at 326-27; **Yale**, 249 A.3d at 1023-25, no due process violation could have been found even if

Appellant's counsel had preserved and fully argued the due process issue in Appellant's direct appeal. Appellant therefore cannot show that counsel's failure to preserve and raise a due process argument in his direct appeal caused him any prejudice, as the outcome of the appeal would not have been any different.

In his second issue, Appellant argues that the PCRA court erred in rejecting his claim that trial counsel was ineffective for failure to call a CYS caseworker as a witness. This claim likewise merits no relief.

Failure to call a witness does not constitute ineffective assistance of counsel where counsel made a decision not to call the witness based on a reasonable strategic judgment that the witness, even if favorable to the defendant on some points, would be harmful to the defendant's case. *Commonwealth v. Ervin*, 766 A.2d 859, 866 (Pa. Super. 2000). Appellant argues that the CYS caseworker's testimony was important to Appellant's defense because she would testify that Victim had told her that David Beck was Victim's best friend and that the caseworker had told Victim and Victim's mother that Victim needed to stay away from David Beck. Appellant's Brief at 35-36. Trial counsel testified that he did not call the CYS caseworker as a witness because he believed that although she could testify to those facts, she was an advocate for Victim and that he believed, based on his experience with CYS witnesses, that she would be a dangerous witness whose testimony could hurt Appellant's defense. N.T. PCRA at 76-85, 89-91. The PCRA court found

trial counsel's testimony credible and that his decision not to call the CYS caseworker was not ineffective assistance of counsel because it was based on his reasonable judgment that the witness's testimony would likely be more harmful than helpful to Appellant's defense. PCRA Court Opinion and Order at 13.

The PCRA court's determination that counsel had a reasonable basis for not calling the CYS caseworker as a witness is supported by the record. The trial transcript shows that witnesses for the Commonwealth had testified that Victim was friends with David Beck, that Victim first reported the assaults to David Beck, and that CYS told Victim's mother to keep Victim away from David Beck. N.T. Trial, 11/14/17, at 98-99, 151, 153-54, 233-34. Given that some of the helpful points to which the CYS caseworker could testify were already in evidence, the judgment that the marginal additional benefit from calling her as a witness was outweighed by the risk of harmful testimony falls well within the range of reasonable strategic judgment.

Because Appellant could not show prejudice on his claim of ineffective assistance of counsel in his direct appeal and the PCRA court's finding that trial counsel had a reasonable basis for not calling the CYS caseworker at trial is supported by the record, Appellant's only claims of error in this appeal fail. Accordingly, we affirm the PCRA court's order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/06/2023