J-S12022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLIE FRANCO | : | |
| | : | |
| Appellant | : | No. 1381 EDA 2021 |

Appeal from the PCRA Order Entered June 8, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0007063-2018

BEFORE:  BENDER, P.J.E., BOWES, J., and DUBOW, J.

MEMORANDUM BY BOWES, J.:                          **FILED MAY 13, 2022**

Charlie Franco appeals from the order that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

Appellant entered open guilty pleas to various offenses, including three counts of corrupt organizations, after he and multiple co-conspirators committed armed robbery of a car dealership and attempted kidnapping of the business's owner.  Following a presentence investigation, Appellant was sentenced on September 18, 2019, to an aggregate term of 189 to 378 months of incarceration.  The trial court denied Appellant's timely post-sentence motion on July 7, 2020.  Appellant filed no direct appeal.

On September 21, 2020, Appellant, though counsel, filed a timely PCRA petition.  Therein he alleged that he wanted to file a direct appeal but had been unable to communicate that desire "because of both the pandemic and

[Appellant] being unable to communicate his intention to trial counsel." PCRA Petition, 9/21/20, at ¶ 9. Therefore, he requested that the PCRA court reinstate his rights to appeal from his judgment of sentence. The petition also indicated that counsel would amend the petition "once the discovery and other records are obtained." *Id*. at 11. However, no amended petition followed.

The trial court held an evidentiary hearing on the petition by video conference on June 8, 2021. The only witness to testify was Appellant. Appellant indicated that his initial counsel had reached an agreement with the prosecution that, if Appellant waived the preliminary hearing, the corrupt organizations charges "would be dropped and would not be bring up unless I go to trial, unless I take it to trial." N.T. PCRA Hearing, 6/8/21, at 5. Appellant had different counsel at the time he entered his guilty plea. Appellant asserted that, although he informed plea counsel that the corrupt organizations counts had been dropped, counsel told him not to worry about it because it was not the lead charge and would not affect his overall sentence. *Id*. at 6. Appellant stated that he was unaware that corrupt organizations was graded as a felony of the first degree and would have been concerned that pleading to a first-degree felony because he "would think it would be more time added on to it" and could end up as consecutive sentences. *Id*. at 7. He opted to plead guilty to the supposedly-dismissed charges nonetheless based upon his counsel's advice. *Id*. at 8. Appellant did not offer any testimony concerning his desire

to appeal the sentence or his efforts to communicate such a desire to plea counsel. Nor did he call plea counsel to offer testimony as to any subject.

The Commonwealth objected to the fact that the PCRA petition alleged only the claim about the alleged inability to inform counsel that he wanted to appeal, and nothing about the purported deal about dismissing charges in exchange for waiving the preliminary hearing. *Id*. at 8-9. It nonetheless addressed the latter issue, arguing that it failed because a PCRA petitioner must establish that counsel lacked a reasonable basis for his act or omission, a burden that cannot be met without the testimony of the attorney in question. *Id*. at 10-11. Appellant's PCRA counsel countered with the contention that plea counsel's "negligence is clear" merely "from a plain reading of the docket." *Id*. at 11.

The PCRA court asked if Appellant was still seeking reinstatement of his direct appeal rights, and he indicated the affirmative. In response to the PCRA court's observation that Appellant offered no evidence regarding that claim, Appellant, through counsel, stated: "Well, Your Honor, again, we've referenced the docket, and there was no direct appeal filed, and that was where we reference the issue as far as the difficulties in communication with trial counsel in terms of getting the direct appeal filed, the notice of appeal timely filed." *Id*. at 12. The trial court took the matter under advisement, then later that day issued an order denying Appellant's PCRA petition.

Appellant filed a timely notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925. Specifically, Appellant contended in his Rule 1925(b) statement that "[Appellant] contends the court erred in its denial of the PCRA [p]etition to reinstate his rights on direct appeal." Statement of Matters Complained of pursuant to 1925(b), 7/26/21, at ¶ 9. Appellant presents the following question to this Court: "Did the trial court err in denying the Appellant relief under the Post-Conviction Relief Act?" Appellant's brief at 7.

We begin our review with an examination of the governing legal authority. The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." *Commonwealth v. Cruz*, 223 A.3d 274, 277 (Pa.Super. 2019) (cleaned up). "We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record." *Commonwealth v. Mojica*, 242 A.3d 949, 953 (Pa.Super. 2020) (cleaned up). Likewise, "a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." *Commonwealth v. Robinson*, 82 A.3d 998, 1013 (Pa. 2013). Additionally, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

It is well-settled that "[a] criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa.Super. 2006) (cleaned up). However, following the entry of a guilty plea, "a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." *Commonwealth v. Orlando*, 156 A.3d 1274, 1281 (Pa.Super. 2017).

> In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

*Id*. at 1280-81 (cleaned up).

An exception to this general rule regarding a PCRA petitioner's burden of proof exists when counsel fails to file a requested direct appeal. In such instances, a petitioner need only prove that he requested an appeal and counsel failed to file it, which constitutes ineffectiveness *per se*. *See*, *e.g.*, *Mojica*, *supra* at 955. A failure of counsel to consult with a defendant about filing an appeal, on the other hand, requires a PCRA petitioner to establish that counsel had a duty to consult with him and that, but for counsel's breach of that duty, he would have timely appealed. *See Commonwealth v. Touw*, 781 A.2d 1250, 1254 (Pa.Super. 2001).

- 5 -

With these principles in mind, we turn to Appellant's argument. Appellant's brief consists mostly of boilerplate case law. The only fact-specific argument he offers is as follows:

> At sentencing, but for argument there was no evidence or witnesses presented by trial counsel. Other than argument, nothing further was advanced by the defense. The docket indicates post sentence motions were filed and denied without hearing.
>
> At the video hearing, Appellant testified regarding his understanding of what happened at the preliminary hearing. At sentencing the issue was not raised by trial counsel. At the evidentiary hearing on the PCRA, Appellant testified with specificity and detail that the charge of [c]orrupt [o]rganizations was to be withdrawn in return for a guilty plea, only if Appellant did not go to trial. This recollection is logically consistent. Appellant received neither bail or charge reduction in return for his waiver.
>
> Appellant being sentenced on [c]orrupt [o]rganizations is a matter that needs to be developed at the trial level through the motion for reconsideration of sentence so that the matter could be reviewed on direct appeal. There was never a hearing on the post sentence motion which based, on the minimalist motion, is not surprising.
>
> The failure to introduce ANY evidence at sentencing is the second level of ineffectiveness that needs to be developed. These are both matters that need to be developed for an appropriate review on direct appeal.

Appellant's brief at 13-14.

To the extent that Appellant seeks our review of the claim concerning the absence of a direct appeal, which is the only issue that was raised in his PCRA petition and his Rule 1925(b) statement, we affirm the denial of PCRA

relief on the basis of the PCRA court opinion. Specifically, the PCRA court explained:

> Although a failure to file a requested direct appeal would constitute prejudice *per se*, [Appellant] failed to plead and prove that a timely appeal was requested and that plea counsel ignored this request. The only information offered by [Appellant] regarding the difficulties underlying his request to file a direct appeal were vague allegations contained in the PCRA petition and PCRA counsel's ambiguous statements offered during the PCRA evidentiary hearing. The absence of testimony from both [Appellant] and plea counsel with respect to this issue causes [Appellant]'s claim to amount to nothing more than a mere allegation or bare assertion which is not sufficient to prove that plea counsel either was unable to receive or ignored Defendant's request to file a direct appeal.
>
> Accordingly, plea counsel cannot be deemed ineffective on these grounds and [Appellant's] first issue merits no relief.

PCRA Court Opinion, 9/20/21, at 7-8 (cleaned up)

To the extent that Appellant persists with his unpled claim about the supposed preliminary hearing agreement, no relief is due on the alternate bases that the claim was waived for failure to include it in Appellant's Rule 1925(b) statement and is meritless because the PCRA court found Appellant's evidence to be insufficient and incredible. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); PCRA Court Opinion, 9/20/21, at 8-10 (finding Appellant's claim that there was an agreement incredible, observing that he failed to offer plea counsel's testimony to establish the basis for counsel's alleged inactions, and citing authority for the

proposition that no valid agreement could have existed without court approval).

Finally, to the extent that Appellant is raising new issues in his brief that were neither presented to the PCRA court nor included in his Rule 1925(b) statement, such as assertions concerning counsel's performance in connection with the sentencing hearing and post-sentence motion, those claims are waived and cannot serve as a basis for relief. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); Pa.R.A.P. 1925(b)(4)(vii).

For the above reasons, we conclude that Appellant has provided us no cause to disturb the order denying Appellant's PCRA petition.

Order affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 5/13/2022*