J-S37011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL HERNANDEZ | : | |
| | : | |
| Appellant | : | No. 126 EDA 2022 |

Appeal from the PCRA Order Entered December 22, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0015339-2013

BEFORE: BOWES, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY BOWES, J.: **FILED DECEMBER 20, 2022**

Michael Hernandez appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

At approximately 10:30 p.m. on November 20, 2013, Jerry Gonzalez was delivering a pizza and cheesesteak for DiNapoli's Pizza when he was robbed at gunpoint in the 3700 block of North 7th Street. The assailant, later identified as Appellant, "pointed a gun at [the victim's] head and told him to 'put the food on the step'" and surrender his money and cell phone. ***Commonwealth v. Hernandez***, 209 A.3d 1051 (Pa.Super. 2019) (unpublished memorandum at 2) (citation omitted). Gonzalez complied, returned to his vehicle, and drove away as Appellant told him to "keep driving straight and don't come back, don't look back." ***Id***. (citation and quotation marks omitted). As Gonzalez left the area, he observed Appellant pick up the food.

Gonzalez described his assailant to police as a 5'6" or 5'7" male who was wearing a black vest and hooded sweatshirt, with a mask covering the bottom portion of his face. Subsequent investigation revealed that the pizza and cheesesteak were ordered from a payphone at 7th Street and Butler Street, near where the robbery occurred. Two surveillance videos were retrieved from a camera at 3735 North 7th Street. After viewing the videos, Officer Robert Filler and Detective Ronald Kahlan determined that the assailant entered a residence at 3718 North 7th Street following the robbery. Appellant was the only licensed driver registered at that address. Detective Kahlan created a photo array, which included Appellant, and showed it to Gonzalez. Gonzalez immediately identified Appellant as his assailant from that photo array. A search of the residence uncovered a delivery receipt for the stolen pizza and cheesesteak, as well as a black vest.

Appellant proceeded to a bifurcated, multi-day, non-jury trial. The Commonwealth presented testimony from Gonzalez, Officer Filler, and Detective Kahlan. Appellant presented an alibi witness who testified that Appellant was at his aunt's residence during the robbery and a fact witness who testified that someone other than Appellant gave the witness the pizza and cheesesteak at 3718 North 7th Street.

At the conclusion of the trial, the court found Appellant guilty of robbery, persons not to possess firearms, theft by unlawful taking, receiving stolen property, carrying firearms in public in Philadelphia, possessing an instrument of crime, terroristic threats, simple assault, and recklessly endangering

another person. Appellant was sentenced to an aggregate term of incarceration of ten to twenty years.

Appellant filed a post-sentence motion, which the trial court denied. He then appealed to this Court, challenging the sufficiency of the evidence as to the identification of the assailant. Upon review, we affirmed Appellant's judgment of sentence. **See Hernandez**, **supra**. Our Supreme Court denied Appellant's petition for allowance of appeal. **See Commonwealth v. Hernandez**, 211 A.3d 1252 (Pa. 2019).

On May 28, 2020, Appellant timely filed *pro se* the instant PCRA petition, his first. The PCRA court appointed counsel, who filed an amended PCRA petition. Therein, Appellant raised three claims: (1) ineffective assistance of trial counsel for failing to request an allegedly exculpatory surveillance video in discovery; (2) a violation by the Commonwealth pursuant to **Brady v. Maryland**, 373 U.S. 83 (1963), for failing to turn over said video in discovery; and (3) entitlement to an evidentiary hearing to call a witness who would identify the true assailant in this case. The referenced video was "surveillance footage from a grocery store at 701 Butler West Butler Street." Amended PCRA Petition, 3/9/21, at 8.

The Commonwealth filed a motion to dismiss. Of relevance to the instant appeal, the Commonwealth argued that it was not in possession of the grocery store video and had been unsuccessful in its attempts to obtain it. Moreover, The Commonwealth argued that "the only reference" to the grocery store video was in Officer Filler's statement, where he stated, "a convenience

store may have a video of the person who placed the pizza order from [the] pay phone and suggested that the investigating detectives attempt to recover it." Motion to Dismiss, 8/17/21, at 7.

Upon review, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. The court found that Appellant "failed to provide evidence proving the existence of an exculpatory video or that any such video was ever in the possession of the Commonwealth[, and t]rial counsel was therefore not ineffective for failing to recover it[.]"[1] Notice Pursuant to Pa.R.Crim.P. 907, 11/8/21, at ¶ 7. On December 22, 2021, the PCRA court dismissed Appellant's PCRA petition.

This timely filed appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. Appellant raises the following issue for our consideration:

1. Did the PCRA court err in dismissing Appellant's PCRA Petition without a hearing because trial counsel was ineffective and there were discovery violations because Appellant was not provided with video surveillance footage of the underlying incident that was referenced in discovery and which was exculpatory and there were bald averments that this video did not exist during the PCRA process, when, during the PCRA process, the Commonwealth produced photographs of Appellant's recovered jacket that did not have a large red polo

---

[1] While represented by counsel, Appellant *pro se* filed a response to the Rule 907 notice in support of his **Brady** claim and a motion for an evidentiary hearing regarding newly discovered evidence of officer corruption. "Our Supreme Court has explicitly extended Pennsylvania's prohibition against hybrid representation into the realm of the PCRA." **Commonwealth v. Mojica**, 242 A.3d 949, 953 n.3 (Pa.Super. 2020) (citation omitted). Accordingly, these filings were legal nullities.

- 4 -

logo on it which identifications of the assailant's clothing did at trial, and when PCRA discovery was not ordered on the video footage and related issues?

Appellant's brief at 4.

On appeal from a PCRA court's decision, our scope of review is "limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party." *Commonwealth v. Johnson*, 236 A.3d 63, 68 (Pa.Super. 2020) (*en banc*) (cleaned up). The PCRA court's credibility determinations are binding on this Court when supported by the certified record, but we review its legal conclusions *de novo*. *Id*.

Although styled as a single issue, Appellant in fact raises three issues related to the grocery store video: (1) counsel was ineffective for failing to procure the video; (2) the Commonwealth committed a *Brady* violation by not providing the video; and (3) the PCRA court erred in not ordering discovery of the video pursuant to Pa.R.Crim.P. 902. *See* Appellant's brief at 15. Critically, all of Appellant's arguments hinge upon his uncorroborated assumption that the at-issue video was exculpatory. *See id*. (arguing he was prejudiced by counsel's inaction and that the Commonwealth committed a discovery violation because the video "would have shown that Appellant was not the robber[,]" and that he was entitled to discovery because the video was "exculpatory").

We begin with the legal principles applicable to Appellant's ineffective assistance of counsel claim. Counsel is presumed to be effective and the petitioner bears the burden of proving otherwise. *See Johnson*, *supra* at 68 (citation omitted). To do so, the petitioner must establish the following three elements:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different.

*Id*. (citations omitted). Failure to prove any of the three elements will result in dismissal of the ineffectiveness claim. *Id*. (citation omitted).

The PCRA court explained its dismissal of Appellant's ineffective assistance of counsel claim as follows:

> Appellant is correct in that his trial counsel failed to procure and present this second video at trial. His assertion that the second video was exculpatory in that it showed the real assailant of the robbery at trial is, however, unsupported by the scant mentions of the second video found in the record. Based on the descriptions found, the second video shows an individual placing two phone calls using a payphone at the corner of 701 West Butler Street. This payphone number matches the phone number used to order a delivery of food from DiNapoli's Pizza to the area where the robbery took place. The description of the second video is consistent with Appellant, as he is a light-skinned male, and a black vest was recovered from his home after the execution of the search and seizure warrant . . . .
>
> Moreover, even if the second video depicted someone other than Appellant placing the order from the payphone, it would not be exculpatory. Based on the descriptions found, the second video depicted an individual using a payphone, and nothing more. By contrast, the first video, taken by surveillance cameras at 3735 North 7th Street, depicted the robbery itself and the offender

running into a nearby house. Officer Filler testified at trial about this first video, which appeared to him to be a gunpoint robbery of [Gonzalez] perpetrated by Appellant. Additionally, [Gonzalez] himself testified at trial that Appellant robbed him at gunpoint and that he was able to identify Appellant without any doubt in a photo array because he had seen his face during the robbery. Detective Kahlan administered this photo array and confirmed that [Gonzalez] independently identified Appellant as the man who robbed him.

Appellant was convicted based on this evidence and testimony, and his challenge to the sufficiency of the evidence was denied by the Superior Court of Pennsylvania on direct appeal. The second video, even if it depicted someone besides Appellant, would therefore not overcome the evidence that resulted in Appellant's judgment of sentence being affirmed. It would simply show that another individual used a payphone, which could potentially inculpate them as another participant in the robbery. Accordingly, Appellant cannot prove prejudice such that there was a reasonable probability of a different outcome at trial if not for his trial counsel's failure to procure this video. Appellant's failure to prove prejudice is therefore fatal to his ineffective assistance of counsel claim under the PCRA.

PCRA Court Opinion, 4/28/22, at 9-10.

Appellant argues that he "suffered prejudice because of the exculpatory testimony presented, because of the differing descriptive information provided, and because the second video would have shown that Appellant was not the robber." Appellant's brief at 15. Additionally, Appellant assails the PCRA court for "constru[ing] almost every inference in favor of the Commonwealth and . . . mak[ing] multiple assumptions that can only be properly assessed at an evidentiary hearing." Appellant's brief at 15; **see also id**. at 16-17.

Upon review of the certified record, we agree with the PCRA court that Appellant has failed to establish prejudice. The evidence presented at trial, as further examined by this Court on direct appeal, was sufficient to sustain Appellant's convictions, and thus his identity as the assailant. Appellant's arguments are premised on the notion that the video would be exculpatory, but as the PCRA court aptly points out, even if someone else was depicted on the grocery store video, that person was solely responsible for placing the delivery order. It was Appellant, as identified by Gonzalez through a photo array and in court, who robbed Gonzalez at gunpoint. Simply put, the identity of the caller is not dispositive of the identity of the robber. Accordingly, the PCRA court did not abuse its discretion in dismissing this PCRA claim for lack of prejudice.

We now turn to Appellant's **Brady** claim. A defendant must establish three elements to prove a **Brady** violation: (1) the Commonwealth suppressed the evidence; (2) the evidence was favorable to the defendant, *i.e.*, it was exculpatory or impeaching; and (3) the suppression of the evidence prejudiced the defendant. **See Commonwealth v. Selenski**, 228 A.3d 8, 20 (Pa.Super. 2020). "A **Brady** violation only exists when the evidence is material to guilt or punishment, *i.e.*, when there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." **Id**. (cleaned up). When a **Brady** claim is raised in a PCRA petition, "a defendant must demonstrate that the

alleged **Brady** violation so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **Id**. (cleaned up). Finally, "the mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish materiality in the constitutional sense." **Id**. (cleaned up).

Appellant's argument in this regard is simple: "The Commonwealth committed a discovery violation by not providing the second video and Appellant suffered prejudice because the video would show that Appellant was not the robber." Appellant's brief at 15.

The PCRA court found that "nothing in the record suggests that the second video was ever possessed by the Commonwealth, nor is it currently in the possession of the Commonwealth." PCRA Court Opinion, 4/28/22, at 12. Moreover, it found that Appellant could not establish the prejudice prong for the reasons discussed *supra*, *i.e.*, that the video was not exculpatory and thus, even if it depicted another individual, "would not overcome the other evidence that led to th[e c]ourt's adjudication at trial and its inclusion at trial therefore would not have precipitated a different outcome." **Id**.

Upon review of the certified record, we agree with the sound reasoning of the PCRA court. Based upon the descriptions provided, regardless of whether the Commonwealth was in possession of the video, it simply could not have been exculpatory and its absence, therefore, did not prejudice

Appellant. Accordingly, the PCRA court did not abuse its discretion in dismissing this claim.

Finally, we turn to Appellant's discovery argument. Discovery requests in the PCRA context are governed by Rule 902, which provides in pertinent part as follows:

**(E) Requests for Discovery**

(1) Except as provided in paragraph (E)(2), no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances.

(2) On the first counseled petition in a death penalty case, no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of good cause.

Pa.R.Crim.P. 902. Neither the PCRA statute nor the Rules of Criminal Procedure define the phrase "exceptional circumstances." Therefore, "it is up to the PCRA court, in its discretion, to determine if exceptional circumstances exist and discovery is warranted." *Commonwealth v. Wharton*, 263 A.3d 561, 572-73 (Pa. 2021) (citation omitted). Our standard of review of a PCRA court's decision regarding a discovery request is an abuse of discretion. *See id*.

In the case *sub judice*, Appellant contends that the PCRA court erred by not ordering discovery of the grocery store video because the video was exculpatory. *See* Appellant's brief at 15. However, the PCRA court found, after reviewing the record, that the substantive issues raised by Appellant were without merit. Thus, the court concluded that "it was not necessary to

- 10 -

order PCRA discovery on the video footage[.]" PCRA Court Opinion, 4/28/22, at 16. Upon review of the certified record, we conclude that the PCRA court did not abuse its discretion in reaching that decision. Accordingly, the PCRA court did not err in dismissing this claim.

Based on the foregoing, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/2022