J-S29030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
WILLIAM DUANE MALDONADO- :
ROSADO :
: No. 1739 MDA 2022
Appellant :

Appeal from the Order Entered November 22, 2022
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s):  CP-38-CR-0000698-2019

BEFORE:   MURRAY, J., KING, J., and COLINS, J.[*]

JUDGMENT ORDER BY KING, J.:          **FILED: OCTOBER 30, 2023**

Appellant, William Duane Maldonado-Rosado, appeals *pro se* from the order entered in the Lebanon County Court of Common Pleas, which denied his motion to amend a petition filed under the Post Conviction Relief Act ("PCRA").[1]  Because Appellant was represented by counsel when he filed his *pro se* motion to amend, the filing was a legal nullity and the PCRA court erred by addressing it.  Accordingly, we vacate the court's order.

The relevant facts and procedural history of this case are as follows.  On December 17, 2019, a jury convicted Appellant of possession with intent to deliver a controlled substance ("PWID") (heroin and fentanyl), possession of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

a controlled substance, possession of drug paraphernalia, and false identification to law enforcement. On May 27, 2020, the trial court sentenced Appellant to an aggregate 60 to 120 months' imprisonment. This Court affirmed Appellant's judgment of sentence on June 10, 2021. *See Commonwealth v. Maldonado-Rosado*, No. 1411 MDA 2020 (Pa.Super. filed June 10, 2021) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On June 28, 2021, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition on December 7, 2021. After a PCRA hearing on May 19, 2022, the court denied relief. On June 3, 2022, Appellant filed a timely notice of appeal.

On November 12, 2022, while that appeal was pending before this Court, and while Appellant was still represented by PCRA counsel, Appellant filed a *pro se* "Motion to Amend the PCRA." The PCRA court denied the motion on November 22, 2022. On December 3, 2022, Appellant filed the instant counseled appeal from that order.[2]

Appellant presents one issue on appeal:

> Did the [PCRA] Court commit prejudicial error by not granting the Appellant's *pro se* request to amend his request for post-conviction relief after the matter was ruled on by the [PCRA] court and that matter separately appealed to the

---

[2] On August 1, 2023, this Court affirmed the PCRA court's order denying Appellant's first PCRA petition. *See Commonwealth v. Maldonado-Rosado*, No. 856 MDA 2022 (Pa.Super. filed Aug. 1, 2023) (unpublished memorandum).

Superior Court?

(Appellant's Brief at 4).

As an initial matter, we must address the fact that Appellant filed the instant *pro se* motion to amend his PCRA petition while still represented by PCRA counsel. Our Supreme Court has made clear that there is no right to hybrid representation. **See Commonwealth v. Ellis**, 534 Pa. 176, 626 A.2d 1137 (1993). **See also Commonwealth v. Pursell**, 555 Pa. 233, 251, 724 A.2d 293, 302 (1999), *cert. denied*, 528 U.S. 975, 120 S.Ct. 422, 145 L.Ed.2d 330 (1999) (affirming PCRA court's denial of appellant's *pro se* request to supplement PCRA petition while appellant was represented by counsel). When an appellant is represented by counsel, it is error for a PCRA court to accept a *pro se* PCRA petition as a valid pleading and consider the merits thereof. **See Commonwealth v. Mojica**, 242 A.3d 949, 953 (Pa.Super. 2020), *appeal denied*, ___ Pa. ___, 252 A.3d 595 (2021). Rather, the PCRA court must dismiss the *pro se* filing without prejudice to defendant's ability to re-file at an appropriate juncture, or simply regard the filing as a legal nullity.[3] **Id.**

Instantly, because Appellant was represented by counsel at the time he filed the *pro se* motion to amend, the PCRA court erred when it ruled on the

---

[3] Our rules of criminal procedure further provide: "In any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing" and send a copy to the attorneys of record in the case. Pa.R.Crim.P. 576(A)(4).

motion by denying relief. Instead, the court should have dismissed the motion without prejudice to Appellant's ability to re-file at an appropriate juncture,[4] or regarded same as a legal nullity. **See Mojica, supra**. Accordingly, we vacate the PCRA court's November 22, 2022 order.

Order vacated. Jurisdiction is relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/30/2023

---

[4] We note that even if Appellant's motion to amend had been filed by counsel, instead of *pro se*, it would not have been properly before the PCRA court. "[W]hen an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition **cannot be filed** until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." **Commonwealth v. Lark**, 560 Pa. 487, 493, 746 A.2d 585, 588 (2000), *overruled on other grounds by* **Commonwealth v. Small**, 662 Pa. 309, 238 A.3d 1267 (2020) (emphasis added). Because Appellant did not seek to amend his petition while it was pending before the PCRA court, Appellant's "motion to amend" would have been a separate PCRA petition which the PCRA court could not have considered while the appeal from the denial of PCRA relief was pending. **See id.**