J-A06043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA EVANS | : | |
| | : | |
| Appellant | : | No. 203 WDA 2023 |

Appeal from the PCRA Order Entered February 15, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0016493-2008

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and BECK, J.

MEMORANDUM BY BECK, J.:           **FILED: March 25, 2024**

Joshua Evans ("Evans") appeals from the order entered by the Allegheny County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA")[1] without a hearing.[2]  On appeal, Evans raises several arguments claiming that trial counsel rendered ineffective assistance.  Because Evans failed to prove he was prejudiced by counsel's alleged ineffectiveness, we affirm.

---

[1]  42 Pa.C.S. §§ 9541-9546.

[2]  Rule 907 of the Pennsylvania Rules of Criminal Procedure permits a PCRA court to dismiss a PCRA petition without a hearing if it finds "there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings."  Pa.R.Crim.P. 907(1).

This Court previously summarized the lengthy factual and procedural history of this case in a prior decision. ***See Commonwealth v. Evans***, 974 WDA 2018, 2020 WL 830061, at *1-7 (Pa. Super. Feb. 19, 2020) (non-precedential decision). Briefly, the trial court convicted Evans after a bench trial of two counts of aggravated assault and related charges for shootings that occurred during an attempted robbery.[3] While in prison awaiting trial, Evans attempted, through recorded prison phone calls, to have members of his gang kill the robbery victim and the young mother of the infant who were wounded during the attempted robbery before they could testify at his trial. A member of Evans' gang shot the adult robbery victim in the head; the victim was seriously wounded but survived.

On October 3, 2011, Evans pled guilty to conspiracy to commit homicide, criminal attempt to commit homicide, criminal solicitation to commit homicide, intimidation of a witness, and retaliation against a witness.[4] On December 15, 2011, the trial court sentenced Evans to an aggregate term of fifteen to thirty years of incarceration, to run consecutively to the sentence imposed in the underlying case. Evans did not timely file a post-sentence motion or direct appeal.

---

[3] The underlying case is docketed in the Court of Common Pleas of Allegheny County, Criminal Division at No. CP–02–CR–0008840–2007 (the "underlying case").

[4] 18 Pa.C.S. §§ 903(a)(1), 901(a), 902(a), 4952(a)(1), 4953(a).

Evans filed a pro se PCRA petition seeking reinstatement of his post-sentence motion rights and the court below appointed Attorney Christopher Eyster ("Attorney Eyster")[5] as counsel on October 31, 2012. The court granted his request, and Evans filed a motion for reconsideration of sentence nunc pro tunc requesting, in part, clarification as to whether his aggregate sentence was consecutive to, or concurrent with, the sentence imposed in the underlying case. The court granted reconsideration and scheduled a resentencing hearing on April 9, 2014,[6] during which the court clarified that Evans' sentence was to run consecutively to the sentence imposed in the underlying case. On March 2, 2017, after delays not relevant to this appeal, the court filed an order confirming the consecutive nature of the sentences.

On August 16, 2017, Attorney Eyster filed, at Evans' request, a motion to withdraw as counsel and for a *Grazier*[7] hearing. While the motion to withdraw was pending, and Evans was still represented by counsel, Evans filed a pro se PCRA petition on January 30, 2018. The 2018 pro se PCRA petition alleged constitutional error, ineffective assistance of counsel, and lack of jurisdiction. PCRA Petition, 1/30/2018. After a hearing on May 16, 2018, the

---

[5]  As discussed infra, Attorney Eyster continued to represent Evans at resentencing, throughout his direct appeal, and until the PCRA court appointed new counsel on March 31, 2022.

[6]  The transcript of the resentencing hearing was erroneously captioned as a PCRA hearing. *Evans*, 2020 WL 830061, at *5 n.6.

[7]  *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1988).

court issued an order (1) reiterating its prior decision that the sentence imposed in the instant case is to run consecutively to the sentence imposed in the underlying case, designating it a "final order" on that issue; (2) informing Evans of his right to appeal within 30 days; (3) denying Evans' request to represent himself; and (4) directing Attorney Eyster to file an amended PCRA petition or no-merit letter by July 30, 2018. Order, 5/18/2018. Thereafter, Attorney Eyster filed a notice of appeal on behalf of Evans. This Court affirmed his judgment of sentence; on August 12, 2020, our Supreme Court denied his petition for allowance of appeal. *Evans*, 2020 WL 830061, *appeal denied*, 237 A.3d 972 (Pa. 2020).

On September 14, 2020, before Evans' judgment of sentence became final,[8] Attorney Eyster filed a motion to amend the 2018 pro se PCRA petition. The PCRA court did not take any action on the motion to amend; the docket sat dormant for seventeen months, which was after expiration of the period Evans had to file a timely PCRA petition.[9] Evans then filed a pro se PCRA petition on February 25, 2022, alleging, inter alia, Attorney Eyster was

_____

[8] Evans' judgment of sentence became final on November 10, 2020, after our Supreme Court denied his petition for allowance of appeal and the time to seek certiorari with the United States Supreme Court expired. 42 Pa.C.S. § 9545(b)(3).

[9] To be timely, Evans' petition would have to have been filed by November 10, 2021. *See id.* § 9545(b)(1) (stating all PCRA petitions must be filed "within one year of the date that the judgment becomes final" unless a petitioner alleges and proves a timeliness exception).

ineffective for failing to file a PCRA petition. In response to the 2022 petition, the PCRA court issued an order appointing new PCRA counsel, Attorney Diana Stavroulakis ("Attorney Stavroulakis"), and directing her to "file an amended petition which identifies all of [] Evans' claims," including whether **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), was applicable.[10] Order, 3/31/2022.

On September 16, 2022, Evans, through Attorney Stavroulakis, filed the instant amended PCRA petition, raising various claims, but none related to the applicability of **Bradley**. On January 13, 2023, the PCRA court issued notice of its intent to dismiss Evans' petition without a hearing pursuant to Pa.R.Crim.P. 907.[11] Evans filed objections to the Rule 907 notice and on

---

[10] In **Bradley**, our Supreme Court held "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting pro se, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." 261 A.3d at 401.

[11] Page two of the Rule 907 notice is not contained in the certified record. While Evans appended the missing page to his brief, it does not make it part of the certified record. **Commonwealth v. Preston**, 904 A.2d 1, 6 (Pa. Super. 2006) (en banc) ("[U]nder the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent—a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record."). The Commonwealth, however, does not object to its omission and cites to it in its brief. **See** Commonwealth's Brief at 6 & n.6, 10. Further, there is no indication that Evans caused the issue in transmitting the certified record, nor is there any suggestion that the appended page inaccurately reflects the court's Rule 907 notice. Accordingly, in the interest of judicial economy, we rely on the copy appended to Evans' brief. **See Commonwealth v. Miller**, 221 A.3d 1114, 1127 n.4 (Pa. Super. 2019)
*(Footnote Continued Next Page)*

February 15, 2023, the PCRA court dismissed the petition. This appeal followed.

Evans now presents the following issues for our review:

I.     The PCRA court erred in dismissing the petition where trial counsel was ineffective for failing to file a motion to dismiss because the case was filed against Joshua Evans and [Evans'] identification documents establish that his name is Joshuwa Dzeeshaugh Evans Salter.

II.    The PCRA court erred in dismissing the petition where prior counsel was ineffective for failing to provide an order to the court to have Evans undergo a psychiatric evaluation.

Evans' Brief at 5 (unnecessary capitalization removed).

When reviewing the propriety of an order pertaining to PCRA relief, we consider the record in the light most favorable to the prevailing party at the PCRA level. However[,] we afford no such deference to the post-conviction court's legal conclusions. We thus apply a de novo standard of review to the PCRA court's legal conclusions.

**Commonwealth v. Mojica**, 242 A.3d 949, 953 (Pa. Super. 2020) (citation and brackets omitted).

Preliminarily, we must determine whether Evans' amended PCRA petition was timely filed. Evans does not address timeliness in his brief before this Court, but averred in his PCRA petition that it was timely. **See** Amended PCRA Petition, 9/16/2022, at 5-6. Therein, Evans asserted that the instant

_____

(reviewing appellant's claim in interest of judicial economy where PCRA certifications were not contained in the certified record, there was no evidence appellant caused the problem in transmitting the record, and the parties cited to and quoted from the certifications).

petition was timely because it relates back to the 2018 pro se PCRA petition, which as, detailed above, was filed before his direct appeal and of which the court never disposed. *Id.* at 5. In the alternative, Evans contended his petition was timely because it relates back to Attorney Eyster's September 14, 2020 motion to amend his 2018 pro se PCRA petition. *Id.* at 5-6.

The Commonwealth does not contest the timeliness of Evans' petition. Commonwealth's Brief at 5. According to the Commonwealth, Evans' petition was "timely filed within one year of his judgment of sentence becoming final, regardless of which of [Evans'] filings is construed as the operative petition." *Id.* The Commonwealth states that, notwithstanding Evans' assertion that the 2018 pro se PCRA petition renders the instant petition timely, the September 14, 2020 motion to amend can also be construed as a PCRA petition. *Id.* at 5 & n.5 (citing *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013) (stating "all motions filed after judgment of sentence is final are to be construed as PCRA petitions")).

This procedural quagmire presents us with several issues. To begin, the 2018 pro se PCRA petition was filed while Evans was still represented by counsel, which violates Pennsylvania's prohibition against hybrid representation. *Mojica*, 242 A.3d at 953 n.3 (citations omitted). Nevertheless, the court below improperly accepted the filing, held a hearing on it, and directed Attorney Eyster to file an amended petition or no-merit letter. Order, 5/18/2018. Rather than pursuing post-conviction relief at that

time, however, Attorney Eyster instead filed a direct appeal on Evans' behalf.[12] Further complicating matters, prior to the exhaustion of Evans' direct appeal, Attorney Eyster filed a motion to amend the 2018 pro se PCRA petition. In the months that followed, Evans continued to be represented by Attorney Eyster, no further petitions were filed, and Evans' sentence became final, closing the window for him to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1).

Thereafter, Evans filed another pro se PCRA petition on February 22, 2022, despite again being represented by counsel, and once again, the PCRA court accepted the petition. The PCRA court recognized the possible application of *Bradley* to the claims of ineffective assistance of PCRA counsel raised therein, appointed new PCRA counsel (Attorney Stavroulakis) and directed her to file an amended petition. Instead of limiting Attorney Stavroulakis to possible *Bradley* claims, the PCRA court directed her to identify **all** of Evans' claims. Order, 3/31/2022. The September 16, 2022 amended PCRA petition filed by Attorney Stavroulakis raised the same claims as on appeal.

---

[12] Once Evans filed his notice of appeal, the court below was divested of jurisdiction. Pa.R.A.P. 1701. Accordingly, Attorney Eyster did not file an amended PCRA petition or no-merit letter as directed in the May 16, 2018 order, and the court below never ruled on the 2018 pro se PCRA petition.

We recognize Evans "must satisfy the jurisdictional requirements underlying the PCRA, which includes timeliness." *Mojica*, 242 A.3d at 954 (citation omitted). We find the procedural anomaly with which we are faced to be substantially similar to what occurred in *Mojica*. Here, similar to *Mojica*, the PCRA court misapprehended the validity of Evans' pro se PCRA petitions while represented by counsel and the filing of a counseled motion to amend during the pendency of Evans' direct appeal, which ultimately resulted in the instant amended PCRA petition to be untimely under the PCRA. *See id.* As we did in *Mojica*, we attribute the procedural missteps to the PCRA court and, under these circumstances, conclude that it would be unjust to consider the pro se petitions and the September 14, 2020 motion to amend to be legal nullities. *See id.* (citing *Commonwealth v. Leatherby*, 116 A.3d 73, 79 (Pa. Super. 2015) (holding that a defendant's pro se post-sentence motion was not a legal nullity where there was significant confusion and delay in appointing counsel, and an "administrative breakdown" led to the filing of an untimely appeal)). Thus, the counseled motion to amend acted to extend Evans' time in which to file a timely PCRA petition. *See id.* at 954-55 (addressing merits of premature pro se PCRA petition filed while petitioner was still represented by counsel, which was later amended after judgment of sentence became final and the time in which to file a valid PCRA petition had expired, where the procedural problems were attributable to PCRA court). We will therefore address the merits of Evans' appeal.

Evans' claims on appeal sound in ineffective assistance of counsel. In conducting our review, we are mindful of the well-settled law:

[C]ounsel is presumed to have been effective and [] the petitioner bears the burden of proving counsel's alleged ineffectiveness. To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, that is, [there is] a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different. A PCRA petitioner must address each of these prongs on appeal. A petitioner's failure to satisfy any prong of this test is fatal to the claim.

*Commonwealth v. Reid*, 259 A.3d 395, 405 (Pa. 2021) (citations and quotation marks omitted).

Evans first claims trial counsel was ineffective for failing to file a motion to dismiss the criminal charges against him. Evans' Brief at 15. According to Evans, trial counsel should have reviewed the criminal complaint and information against him and compared it to Evans' social security card and birth certificate. *Id.* Had he done this, Evans argues, trial counsel would have discovered the charges were filed against Joshua Evans, which does not match his actual name of Joshuwa Dzeeshaugh Evans Salter. *Id.* at 13, 15-16. Evans contends he was "forced" to proceed using the wrong name and deprived of "his right to be free to use his true name because he was being held under a name other than his own." *Id.* at 16. He claims trial counsel had no reasonable basis for failing to file a motion to dismiss on this basis,

- 10 -

and that he was prejudiced because had counsel filed such a motion, the criminal charges against Evans would have been dismissed. *Id.* at 16.

The Commonwealth argues that Evans fails all three prongs of the ineffective-assistance-of-counsel standard. Commonwealth's Brief at 6-7.

The PCRA court found Evans' claim failed because he was not prejudiced by the name discrepancy. Rule 907 Notice, 1/13/2023, at 2 (unpaginated). It called this claim a procedural error "at best," noting that if such a motion to dismiss had been filed, the trial court would have granted a motion to amend to make any name correction. *Id.* We discern no error in the PCRA court's conclusion that Evans was not entitled to relief on this basis. *Cf. Commonwealth v. Delarosa*, No. 2357 EDA 2019, 2020 WL 7335470, at *6 (Pa. Super. 2020) (holding, in a case where appellant pled guilty, there was no arguable merit to ineffective-assistance-of-counsel claim under the PCRA based on counsel's failure to move to quash indictment on the basis that appellant's name was incorrect).[13]

Evans next claims trial counsel was ineffective for failing to provide an order to the resentencing court to have Evans undergo a psychiatric evaluation. Evans' Brief at 19. Evans argues his claim has arguable merit because the court had agreed to order an evaluation, and it was "important

---

[13] *See* Pa.R.A.P. 126(b) (stating that non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

for the resentencing court to have the results of a psychological evaluation prior to entering a sentence." *Id.* at 20. Evans contends counsel's failure to follow through on his own request and provide the court with a proposed order lacked any reasonable strategic basis. *Id.* at 20-21. According to Evans, he was prejudiced because the resentencing court "did not have the benefit of a psychological evaluation when considering Evans' unique characteristics and circumstances prior to [resentencing]." *Id.* at 20. Evans also points to the *Grazier* hearing held on May 16, 2018, wherein the court denied counsel's request to withdraw and did not permit Evans to proceed pro se, as further establishing the need for a psychological evaluation. *Id.* at 21-22.

The Commonwealth concedes that Evans' claim has arguable merit and trial counsel lacked a reasonable basis for failing to present to the resentencing court an order for a psychological evaluation, but argues Evans was not prejudiced. Commonwealth's Brief at 7-8.

As noted supra, the court held a resentencing hearing on April 9, 2014. At the hearing, Attorney Eyster requested that Evans undergo a psychological evaluation, to which the resentencing court responded, "I would order a psychological evaluation." N.T., 4/9/2014, at 98-99; *see also id.* at 86.

On direct appeal, Evans argued that the court erred in failing to order the psychological evaluation. This Court placed blame for the lack of a court-ordered evaluation on counsel, stating that "[i]f no order from the court appeared in a reasonable time, both prudence and practicality would dictate

- 12 -

that defense counsel should have made inquiry with the Judge or his chambers." *Evans*, 2020 WL 830061, at *10. Ultimately, this Court held Evans waived the issue for failing to preserve it. *Id.* at *11.

The PCRA court found Evans was not prejudiced by counsel's inaction. Rule 907 Notice, 1/13/2023, at 1-2 (unpaginated). The PCRA court explained:

> The new sentencing hearing took place on April 9, 2014. The materials the [resentencing court] had to aid its sentencing decision were the pre-sentence report for this case and the pre-sentence report from the [underlying case]. Significant about the [pre-sentence report from the underlying case] is that it included psychological evaluations. The [resentencing court] also heard from various people who knew [] Evans best and engaged with each in a discussion. Review of the [re]sentencing [hearing] transcript refreshed the [resentencing court's] memory of the dynamics in play. There was no question then, and there is no question now, a consecutive penalty was the appropriate punishment. A positive psychological examination would not have pushed [the resentencing court] to provide [] Evans with a single sentence for two, separate criminal events.

*Id.*

The record supports the PCRA court's finding. At the hearing on Evans' motion for reconsideration of his sentence, the sole issue concerned whether Evans' sentence in the instant case should run consecutive to, or concurrent with, the sentence imposed in the underlying case. N.T., 4/9/2014, at 6. The court denied Evans' request for concurrent sentences. *Id.* at 58. In ordering the sentences to run consecutively, the court reasoned that the two cases were "independent, malicious, [and] conscious" criminal events. *Id.*; *accord Evans*, 2020 WL 830061, at *12 ("Evans'[] conviction for aggravated assault is related to, but entirely independent of, his later guilty plea to plotting to

assassinate victims before they could testify. [Evans] is not entitled to a 'volume discount.'") (citing **Commonwealth v. Prisk**, 13 A.3d 526, 533 (Pa. Super. 2011)). The hearing on the motion spanned nearly two hours, during which the court heard mitigating evidence from Evans and his sister, mother, aunt, grandmother, and stepfather. The court specifically stated that it had reviewed Evans' motion requesting reconsideration, which included his GED and letters from his sister, mother, and aunt; the pre-sentence report from Evans' original sentencing on December 15, 2011; the pre-sentence report in the underlying case; and the sentencing guidelines. N.T., 4/9/2014, at 4-7. The court read into the record parts of the two pre-sentence reports, including findings from psychological evaluations of Evans. *Id.* at 16-19.

The court was clearly aware of Evans' mental health history when it denied his request for concurrent sentences and a new evaluation would not have altered the outcome. *See Commonwealth v. Burns*, 568 A.2d 974, 978 (Pa. Super. 1990) (concluding Burns was not prejudiced by counsel's failure to request a psychiatric examination where the pre-sentence report contained, and the court was aware of, Burns' mental health history at sentencing), *abrogated on other grounds by **Commonwealth v. Buterbaugh***, 91 A.3d 1247 (Pa. Super. 2014) (en banc). As the evidence of record supports the PCRA court's finding, we will not disturb it. *See Mojica*, 242 A.3d at 953.

Finding no abuse of discretion or error of law committed by the PCRA court, we affirm its order dismissing Evans' PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

3/25/2024