J-S13035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| CHARLES RAYMOND EARLS, III | : | |
| Appellant | : | No. 758 WDA 2023 |

Appeal from the PCRA Order Entered May 26, 2023
In the Court of Common Pleas of Warren County Criminal Division at
No(s): CP-62-CR-0000521-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| CHARLES RAYMOND EARLS, III | : | |
| Appellant | : | No. 759 WDA 2023 |

Appeal from the PCRA Order Entered May 26, 2023
In the Court of Common Pleas of Warren County Criminal Division at
No(s): CP-62-CR-0000466-2020

BEFORE: KUNSELMAN, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED: May 30, 2024**

Charles Raymond Earls, III, appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

The PCRA court summarized the pertinent facts and procedural history as follows:

> On the morning of October 12, 2020, Thomas Allen Niles (hereinafter "Niles") arrived at Rhonda Seeley's (hereinafter "Seeley") address after Seeley expressed that she was afraid of [Earls] after breaking up with him. Niles told [Earls] to leave multiple times, threw [Earls'] baseball bat out of his reach, and called the trailer park manager. [Earls] lunged while holding a curved knife, stabbing Niles three times: in the wrist, by his chest, and in the abdomen. Niles' injuries required him to be transported by ambulance and later airlifted for treatment. [Earls] also threatened to stab two other people present with the knife. As a result of this incident, the Commonwealth charged [Earls] at Criminal Information CR 466-2020 with aggravated assault and two counts of terroristic threats with intent to terrorize others.
>
> On or about November 7, 2020, [Earls] flooded his cell in the Warren County Jail. He tied bedsheets around the bars of his cell to prevent officers from entering the cell. [Earls] injured two officers while they attempted to remove him from the cell. [Earls] struck [one officer] in the head with a closed fist, and he injured [the other officer's] face after striking him repeatedly in the face. The Commonwealth charged [Earls] on Criminal Information CR 521-2020 with two counts of aggravated assault and one count of resisting arrest or other law enforcement.
>
> Originally, [a public defender] was appointed as [Earls'] counsel. For the case at 521 of 2020, [Earls] pled guilty to one count of aggravated assault and one count of resisting arrest or other law enforcement on July 8, 2021. [Trial counsel] was then appointed as [Earls'] counsel in these matters due to overflow at the Warren County Public Defender's Office. [Earls] pled guilty on docket number 466 of 2020 to one count of aggravated assault and once count of terroristic threats with intent to terrorize others on February 10, 2022.
>
> At his sentencing hearing for docket number 521 of 2020 on September 24, 2021, [Earls] was sentenced to [an aggregate term of 27 to 54 months of imprisonment]. On March 11, 2022, [Earls] was sentenced at 466 of 2020 to [an aggregate term of 55 to 110 months of imprisonment]. [Earls] did not file a post-sentence motion . . . at docket 466 of 2020. At 521 of 2020 [Earls] filed a motion for reconsideration of sentence requesting a lower

sentence as his actions were affected by multiple mental health issues. The motion [for] reconsideration of sentence was denied on October 22, 2021. [Earls] did not file an appeal on either docket.

PCRA Court Opinion, 5/26/23, at 1-3 (excess capitalization and footnotes omitted).

On August 11, 2022, Earls filed a *pro se* PCRA petition at both dockets, and the PCRA court appointed counsel. Following a ***Grazier***[1] hearing, however, Earls chose to represent himself and the PCRA court appointed trial counsel as standby counsel. On April 19, 2023, Earls filed an amended PCRA petition in which he raised multiple issues, including a claim that trial counsel was ineffective for failing to notify him or consult him about his right to file an appeal.

On May 22, 2023, the PCRA court held an evidentiary hearing regarding this ineffectiveness claim. Trial counsel testified, but Earls did not. By order entered May 26, 2023, the PCRA court denied Earls' amended petition. These counseled appeals followed, which we later consolidated. Both Earls and the PCRA court have complied with Pa.R.A.P. 1925(a).

Earls raises the following issue on appeal:

> Whether the [PCRA] court erred when it found [Earls] had not advised counsel of his desire to file an appeal to the Pennsylvania Superior Court?

Earls' Brief at 5 (excess capitalization omitted).

---

[1] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Earls' issue asserts the ineffectiveness of trial counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) the petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

Earls asserts that counsel was ineffective for failing to file a direct appeal even though he asked counsel to do so. As this Court has summarized:

> Our Supreme Court has held that where "there is an unjustified failure to file a requested appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases" and denies the accused the assistance of counsel that is guaranteed by the Sixth Amendment and Article I, Section 9 of the Pennsylvania Constitution. **Commonwealth v. Lantzy**, 558 Pa. 214, 736 A.2d 564, 572 (Pa. 1999). Such an oversight constitutes prejudice and *per se* ineffectiveness under the PCRA. **Id.** However, "[b]efore a court will find ineffectiveness of trial counsel for failing to file a direct appeal, [the petitioner] **must prove that he requested an appeal and that counsel disregarded this request.**" **Commonwealth v. Touw**, 781 A.2d 1250, 1254 (Pa. Super. 2001)(emphasis added).

**Commonwealth v. Mojica**, 242 A.3d 949, 955 (Pa. Super. 2020).

Here, the PCRA court stated on the record that, based on trial counsel's "testimony with respect to whether or not an appeal was requested, clearly no appeal was requested by [Earls]; therefore, there can be no ineffectiveness *per se* for any failure to file an appeal." N.T., 5/22/23, at 16-17.

Our review of the PCRA hearing transcript supports the PCRA court's conclusion. As a matter of credibility, the PCRA court believed trial counsel's version of the contested facts. We cannot disturb this determination. **See Commonwealth v. Harmon**, 738 A.2d 1023, 1025 (Pa. Super. 1999) (explaining that when a PCRA court's determination of credibility is supported by the record, it cannot be disturbed on appeal). Thus, to the extent Earls

asserts that trial counsel disregarded his request to file an appeal, his ineffectiveness claim fails.

Alternatively, Earls claims that even if he did not prove trial counsel's failure to file a requested appeal, he is still entitled to relief because trial counsel failed to consult with him.[2] *See Commonwealth v. Touw*, 781 A.2d 1250, 1254 (Pa. Super. 2001) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000)) (concluding that trial counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think that a rational defendant would want to appeal or when a particular defendant reasonably demonstrated to counsel that he was interested in appealing).

This Court has long held that an ineffectiveness claim based upon trial counsel's failure to consult with a defendant is distinct from an ineffectiveness claim based upon the failure to file a requested appeal and the two claims are subject to different prejudice standards—the former requires a defendant to prove prejudice while in the latter prejudice is presumed. *Touw*, 781 A.2d at 1253-54.

Moreover, the duty to consult involves "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Commonwealth v.*

---

[2] Earls raised this issue at the evidentiary hearing while proceeding *pro se*. N.T., 5/22/23, t 11-12. While Earls does not further develop this claim in his counseled brief, we will address it, given the PCRA court's treatment of Earls' issue raised on appeal.

*Parrish*, 273 A.3d 989, 1005 (Pa. 2002) (citing *Flores-Ortega*, *supra*). It is rational that a defendant would want to appeal if there are nonfrivolous grounds for appeal. *Id.* In determining whether the duty to consult is applicable, the court must take into account "all the information counsel knew of should have known." *Id.* "One highly relevant factor in this regard is whether the conviction follows a trial or guilty plea, because a guilty plea reduces the scope of potential issues for appeal and suggests that the defendant wanted to end judicial proceedings." *Id.*

Here, the PCRA court explained why it concluded that trial counsel did not have duty to consult Earls regarding his desire to file an appeal:

> [Earls] pled guilty at both 466 of 2020 and 521 of 2020. He sent a letter to counsel over his concerns about the prior record score and spoke to counsel regarding the lack of mental health consideration at sentencing. During the evidentiary hearing on May 22, 2023, [Earls] claimed that he requested a post-sentence motion in a letter sent to counsel. In this hearing, [Earls] admitted that he was unaware of the difference between a post-sentence motion and an appeal, and he believed that asking for a post-sentence motion was the equivalent of requesting an appeal. During the evidentiary hearing, [trial counsel] testified that he investigated the prior record score issue and found that the issue had no merit and that he filed a post-sentence motion as requested on the mental health issue for the case at 521 of 2020 that was denied by the court. Counsel also testified that he notified [Earls] of the results of the motion for reconsideration but received no response.
>
> It was not evident that a rational defendant in [Earls'] situation would want an appeal. [Earls'] guilty pleas on both dockets are facts indicating that [Earls] may not have wanted to go forward with further judicial proceedings. In addition, counsel investigated the issues addressed in his correspondence with [Earls] and determined that the issues were largely frivolous.

[Earls] also failed to reasonably demonstrate to counsel that he was interested in appealing these cases. Counsel raised [Earls'] mental health issues with his sentence in a post-sentence motion as requested, that was denied, and [Earls] did not indicate that he also wanted an appeal. [Earls] admitted in the evidentiary hearing that he never directly asked for an appeal, but alleges that he wanted an appeal but was unaware of the difference between a post-sentence motion and an appeal. [Trial counsel] testified that he sent a letter to [Earls] after the post-sentence motion and believed that [Earls] did not want to appeal after receiving no response. [Trial counsel] filed the requested motion on the one issue he determined to be nonfrivolous. Counsel did not have a duty to read [Earls'] mind or anticipate every possible misconception [Earls] had concerning the legal process.

As there was no reason to believe that a rational defendant would appeal under these circumstances and [Earls] did not reasonably demonstrate his interest in appealing, the duty to consult was not applicable. Under the circumstances of this case, [Earls] is ineligible for relief under the PCRA for ineffectiveness of counsel for failure to consult on his appeal rights.

PCRA Court Opinion, 5/26/23, at 22-23 (excess capitalization omitted).

Our review of the record supports the PCRA court's conclusions. Initially, the record reveals that Earls was explained his post-sentence and appellate rights at both dockets. Moreover, we note that, because Earls entered guilty pleas at each docket, the Commonwealth withdrew other charges.

Finally, we reject Earls' assertion that "[z]ealous advocacy at a minimum requires counsel to ask their client the simple and direct question, 'Do you want to appeal your case to the Superior Court?'" Earls' Brief at 10. To warrant post-conviction relief, Earls was required to prove how trial counsel's failure to consult about an appeal prejudiced him. **_Touw_**, **_supra_**. Indeed, Earls did not testify at the evidentiary hearing, and, even on appeal, he does

not identify how he was prejudiced nor does he identify any nonfrivolous issue he wished to raise in a direct appeal.

In sum, Earls has failed to establish that trial counsel ignored his request to file an appeal or that trial counsel had a duty to consult with him regarding an appeal under the circumstances of this case where Earls entered guilty pleas at both dockets and received standard range sentences.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 05/30/2024