**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ZACCUR W. EDMONDS, | : | |
| | : | |
| Appellant | : | No. 1323 EDA 2024 |

Appeal from the PCRA Order Entered April 29, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000451-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ZACCUR W. EDMONDS, | : | |
| | : | |
| Appellant | : | No. 1324 EDA 2024 |

Appeal from the PCRA Order Entered April 29, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000461-2020

BEFORE:  STABILE, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED JULY 15, 2025**

Zaccur W. Edmonds appeals from the order dismissing his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. He claims his counsel was ineffective for failing to file a post-sentence motion and direct appeal and for advising him to testify. We affirm.

Edmonds was charged at two dockets for separate assaults of D.S. and G.T. The assaults happened on the same night, in Edmonds' van. D.S. testified

at Edmonds' bench trial, but G.T. did not. The Commonwealth introduced G.T.'s medical records, which included her identification of Edmonds as the perpetrator. Edmonds testified at trial, claiming self-defense.

The trial court found Edmonds guilty of aggravated assault, possession of instrument of crime ("PIC"), simple assault, and recklessly endangering another person ("REAP")[1] for the crimes against G.T. It found Edmonds guilty of indecent exposure, terroristic threats, indecent assault, simple assault, REAP, and false imprisonment[2] for the crimes against D.S. In June 2022, the court sentenced Edmonds to nine to 18 years' imprisonment. Edmonds did not file a post-sentence motion or direct appeal.

In June 2023, Edmonds filed the instant, timely PCRA petition. The court appointed PCRA counsel, who filed an amended petition alleging trial counsel was ineffective for failing to file a post-sentence motion and direct appeal and for advising Edmonds to testify at trial. The PCRA court held a hearing, where Edmonds and trial counsel testified.

Edmonds testified that he and his trial counsel discussed that if the case went before a jury, Edmonds would testify, but that "as far as the waiver trial[, they] never discussed taking the stand." N.T., Apr. 26, 2024, at 8. He stated he did not want to testify. *Id.* at 8-9. Edmonds further testified that when G.T.

---

[1] 18 Pa.C.S.A. §§ 2702(a), 907(a), 2701(a), and 2705, respectively.

[2] 18 Pa.C.S.A. §§ 3127(a), 2706(a)(1), 3126(a)(1), 2701(a), 2705, and 2903(a), respectively.

- 2 -

did not appear at trial, he was "shocked" that he was going to testify "with no complaining witness," claiming that he "didn't understand that." *Id.* at 10.

Edmonds agreed that the court and counsel advised him of his post-sentence and appellate rights. *Id.* at 14. He testified that he met with counsel after sentencing and informed counsel that he wanted to file an appeal, and counsel responded he did not think Edmonds should appeal because counsel thought Edmonds "got a fair deal." *Id.* at 15. Edmonds said he left the meeting with an understanding that counsel would file a post-sentence motion and an appeal. *Id.* at 16-17. He further testified that he wrote trial counsel a letter asking about the appeal, but did not have a copy of the letter, and that his sisters called counsel and received no response. *Id.* at 17. Edmonds admitted into evidence a second letter from him to counsel that was dated January 31, 2023, but that lacked an envelope or proof of mailing. *Id.* at 18-19, 21. The letter requested a copy of the trial transcripts and police reports, stated that his birth date was wrong on the paperwork, and claimed a rule was not "constitutionally right." *Id.* at 19-20.

Trial counsel testified that he explained to Edmonds his post-sentence and appellate rights, and that Edmonds did not ask him to file an appeal. *Id.* at 27. He stated he received a letter of "praise" several months after the conviction, but he did not save a copy of the letter. *Id.* Trial counsel testified that neither Edmonds nor anyone acting on Edmonds' behalf asked him to file a post-sentence motion or a notice of appeal. *Id.* at 28. He stated that if Edmonds had asked him to file either document, he would have. *Id.* at 28-29.

Trial counsel further testified that he advised Edmonds of his right to remain silent. *Id.* at 29. Counsel stated that after Edmonds explained the circumstances that led to his arrest, counsel believed that self-defense would be the best defense. *Id.* at 30. Counsel stated he and Edmonds had several conversations about the decision to testify. *Id.* at 31. He testified that he explained to Edmonds that he had a right to remain silent and counsel could not force him to testify, but that to establish self-defense the judge needed to hear he acted reasonably under the circumstances. *Id.* Counsel stated that when G.T. failed to appear he thought it could only help Edmonds' case, but because the Commonwealth admitted G.T.'s medical records, which included an identification of Edmonds, they still had to establish self-defense. *Id.* at 34-35.

The PCRA court denied the petition. Edmonds filed a timely notice of appeal. Edmonds raises the following issues:

> A. Did the PCRA Court err in denying the PCRA petition after a hearing, as [Edmonds] asserts he directed trial counsel to file an appeal. [Edmonds] wanted to challenge the weight of the evidence and discretionary aspects of sentencing, therefore constructively wanted a post-sentence motion, as well. Trial counsel was *per se* ineffective for failing to file an appeal and prejudice is presumed, as this omission conflicted with a constitutional guarantee, a statute, rule of procedure or precedent?

> B. Did the PCRA Court err in denying the PCRA petition after a hearing, as trial counsel was ineffective for failing to adequately advise [Edmonds] whether to testify at trial, in light of the fact that complaining witness ([G.T.]) failed to appear, and [Edmonds'] testimony proved materially incriminating and helpful to the Commonwealth (admitted being with complainant in a van, having physical altercation

- 4 -

and contact with complainant that was sexual in nature, etc.). This self-incriminating testimony rendered him guilty on transcript CP-51-CR-0000451-2020. But-for this ill-advice to testify, the evidence would have been wholly insufficient to sustain a conviction?

Edmonds' Br. at 6.

Our standard of review of an order denying PCRA relief is limited to determining "whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." *Commonwealth v. Hart*, 199 A.3d 475, 481 (Pa.Super. 2018) (citation omitted).

To prevail on an ineffective assistance of counsel claim, the petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Ousley*, 21 A.3d 1238, 1244 (Pa.Super. 2011) (quoting *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super. 2010)). "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." *Id.* (quoting *Rivera*, 10 A.3d at 1279).

For the reasonable basis prong, this court does "not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis." *Commonwealth v. Chmiel*, 30 A.3d 1111, 1127 (Pa. 2011) (citation omitted). A court will "conclude that counsel's chosen strategy

lacked a reasonable basis only if [an a]ppellant proves that 'an alternative not chosen offered a potential for success substantially greater than the course actually pursued.'" *Id.* (quoting *Commonwealth v. Williams*, 899 A.2d 1060, 1064 (Pa. 2006)).

Edmonds first claims counsel was *per se* ineffective because Edmonds asked counsel to file a post sentence motion and direct appeal, and counsel failed to do so.

Where a petitioner raises a claim that counsel was ineffective for failing to file an appeal, the petitioner must prove he requested that counsel file an appeal and counsel disregarded the request. *Commonwealth v. Mojica*, 242 A.3d 949, 955 (Pa.Super. 2020). If counsel failed to file the requested appeal, counsel will be found to be *per se* ineffective, such that the petitioner need not prove prejudice. *Id.*

The PCRA court found trial counsel credible and concluded Edmonds did not request that counsel file an appeal:

> This [c]ourt properly denied [Edmonds'] petition after hearing all of the evidence and determining that [Edmonds] was not credible. With respect to trial counsel's alleged failure to file an appeal, the record shows that no such request was made. [Edmonds] testified that he told [trial counsel] he wished to file an appeal immediately after sentencing, that he wrote to [trial counsel] asking about the appeal once he was in state custody, and that members of his family called [trial counsel] on his behalf. [Edmonds] presented as evidence a copy of the letter he sent [trial counsel]. The letter was dated January 31, 2023 but bore no stamp or postmark. This testimony is contradicted by the credible testimony of trial counsel. [Trial counsel] testified that [Edmonds] did not ask him to file an appeal, and that

> while he did receive a letter from [Edmonds], it made no mention of an appeal and instead thanked [trial counsel] for his work representing [Edmonds]. [Trial counsel] did not recall any members of [Edmonds'] family reaching out to him regarding an appeal. [Trial counsel] also testified that his practice was to advise clients of their right to file an appeal, and that he would have filed an appeal had [Edmonds] asked him to do so.

PCRA Ct. Op., filed June 24, 2024, at 3 (internal citations omitted).

The record supports the court's credibility and factual findings and it did not err in finding counsel not ineffective. Counsel testified that Edmonds never requested that he file an appeal, and therefore, the court did not err in finding counsel was not ineffective for failing to file one.

Edmonds claims that counsel was ineffective for advising him to testify. He points out that G.T. failed to appear at trial. He asserts he did not want to testify and his testimony resulted in the admission of incriminating evidence against him and led to his conviction. He claims that, but for counsel's advice, he would not have testified and the result of the trial would have been an acquittal. He claims that it was ineffective for counsel to not have an alternate strategy when G.T. failed to appear.

"The decision of whether . . . to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel." *Commonwealth v. Nieves*, 746 A.2d 1102, 1104 (Pa. 2000). To sustain a claim that counsel was ineffective for failing to advise the appellant regarding his right to testify, "the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so

unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf." *Id.*

The PCRA court found

> [Edmonds'] claim that [trial counsel] inadequately advised him regarding the decision to testify on his own behalf is also without merit because [trial counsel's] strategy was not so unreasonable that no competent attorney would have chosen it. To the contrary, [trial counsel] offered a clear and reasonable explanation of why he thought [Edmonds] should testify. [Trial counsel] informed [Edmonds'] that he could not be forced to testify, but that if he wished to pursue a claim of self-defense, he would need to explain why his actions were justifiable. [Trial counsel] also testified that, in his opinion, [Edmonds] had a viable self-defense claim. [Trial counsel] said that when one complaining witness did not appear for trial he thought "that can only help my client," but believed that it was still in [Edmonds'] best interest to testify because the complaining witness's medical records were entered into evidence and she had identified [Edmonds] as the perpetrator. [Trial counsel] also confirmed that he had another conversation with [Edmonds] about testifying once he knew the complaining witness was not present. It is therefore clear from [trial counsel's] credible testimony that he pursued a reasonable strategy when recommending [Edmonds] testify on his own behalf.

PCRA Ct. Op. at 3-4 (internal citations omitted).

The record supports the PCRA court's findings and it did not err in finding counsel not ineffective. Counsel had a reasonable basis for recommending Edmonds testify where Edmonds claimed he acted in self-defense and the non-appearing witness's medical records, including her identification of Edmonds, had been admitted at trial.

Order affirmed.

- 8 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/15/2025